WILLIAM H. HARRISON, Respondent, *v.* JAMES F. EGAN, as Public Administrator of the Estate of GEORGE SCHULTZ, Deceased, Appellant.

(Argued March 12, 1936; decided April 14, 1936.)

*Louis Jay Brecher, Maurice Freiman* and *Edward S. Napolis* for appellant. Plaintiff failed to prove a cause of action in accordance with his complaint. (*Racine* v. *Morris*, 201 N. Y. 240; *Melnick* v. *Kulka*, 228 App. Div. 321; *McNulty Bros.* v. *Offerman*, 152 App. Div. 181; *Leeds* v. *New York Tel. Co.*, 79 App. Div. 121; *Ginsberg* v. *Woolworth Co.*, 185 App. Div. 59.) The plaintiff has failed to trace the trust fund as a matter of law and has failed to prove that the defendant's intestate had knowledge of the existence of the trust fund or the use thereof

by his wife. (*Ferris* v. *Van Vechten*, 73 N. Y. 113; *Jaffe* v. *Weld*, 155 App. Div. 110; *Matter of Cavin* v. *Gleason*, 105 N. Y. 256; *Matter of Early*, 112 Misc. Rep. 54; *Townsend* v. *Crowner*, 125 N. Y. Supp. 329; 145 App. Div. 906; *Hamlin* v. *Stevens*, 177 N. Y. 39; *Rosseau* v. *Rouss*, 180 N. Y. 116.) The Statute of Limitations barred the plaintiff's cause of action. (*Keys* v. *Leopold*, 241 N. Y. 189; *Hart* v. *Goadby*, 72 Misc. Rep. 232; *Hopper* v. *Brown*, 34 Misc. Rep. 61; 173 N. Y. 613; *Roberts* v. *Ely*, 113 N. Y. 128; *Roediger* v. *Kraft*, 169 App. Div. 304; *Burdick* v. *Hicks*, 29 App. Div. 205; *Cohen* v. *Diamond*, 74 Misc. Rep. 444; *Mason* v. *Henry*, 152 N. Y. 529; *Glover* v. *National Bank of Commerce*, 156 App. Div. 247; *Pitcher* v. *Sutton*, 238 App. Div. 291.)

*John L. McMaster* and *Jules J. Lubasch* for respondent. Plaintiff, as beneficiary under a testamentary trust, clearly had a cause of action for the recovery of the trust proceeds fraudulently retained by defendant's intestate. (*Newton* v. *Porter*, 69 N. Y. 133; *Whiting* v. *Hudson Trust Co.*, 234 N. Y. 394; *Lightfoot* v. *Davis*, 198 N. Y. 261; *Walsh* v. *Polley*, 177 N. Y. 117; *Jaffe* v. *Weld*, 155 App. Div. 110; *Fur & Wool Trading Co.* v. *Fox, Inc.*, 245 N. Y. 215.) Defendant's intestate was chargeable in the same manner as an express trustee and could not plead the Statute of Limitations against the *cestui que* trust. (*Soar* v. *Ashwell*, [1893] 2 Q. B. 390; *Harrison* v. *Schultz*, 240 App. Div. 13; *Finnegan* v. *McGuffog*, 203 N. Y. 342; *Lightfoot* v. *Davis*, 198 N. Y. 261; *Barnes* v. *Addy*, 9 Ch. 244; *Matter of Sharpe*, 1 Ch. 154; *Elliott* v. *Landis*, 139 S. W. Rep. 356; *Case* v. *Sipes*, 217 S. W. Rep. 306.) An action against defendant's intestate, as executor of a defaulting trustee, was not barred in actual point of time. (*Matter of Miller*, 257 N. Y. 349; *Zebley* v. *F. L. & T. Co.*, 139 N. Y. 461; *Matter of Barbineau*, 27 Misc. Rep. 417; *Patterson* v. *Hewitt*, 195 U. S. 309; *Putnam* v. *Lincoln Safe Deposit Co.*, 191 N. Y. 166; *Whiting* v. *Hudson Trust Co.*, 234 N. Y. 394; *Matter of Duncan*, 181 App. Div.

91; *Matter of Wood*, 70 Misc. Rep. 467; *Zeideman* v. *Molasky*, 118 Mo. App. 106; *Semmig* v. *Merrihew*, 67 Vt. 38; *Newton* v. *Porter*, 69 N. Y. 133; *Lightfoot* v. *Davis*, 198 N. Y. 261; *Finnegan* v. *McGuffog*, 203 N. Y. 342; *Treadwell* v. *Clark*, 190 N. Y. 51.) Plaintiff is entitled to interest on the proceeds recovered, from the date when the trust funds were actually misapplied. (*Matter of Eisenlohr*, 258 Penn. St. 431; *Primeau* v. *Granfield*, 184 Fed. Rep. 480; *Bohle* v. *Hasselbroch*, 64 N. J. Eq. 334; *Madison Trust Co.* v. *Carnegie Trust Co.*, 167 App. Div. 4; *Holmes* v. *Gilman*, 138 N. Y. 369; *Oliver* v. *Piatt*, 3 How. 333; *Bloomquist* v. *Fearson*, 222 N. Y. 375; *Putnam* v. *Lincoln Safe Deposit Co.*, 191 N. Y. 166; *Cook* v. *Lowry*, 95 N. Y. 110.)

CRANE, Ch. J. This action has been brought by the beneficiary of a trust to recover the principal trust fund diverted by the trustee and devised or bequeathed to George Schultz for whose estate the public administrator is the representative and party defendant in this action. As we are to modify the judgment merely as to the item of interest the facts may be briefly stated.

Daniel B. Harrison, the plaintiff's father, died April 21, 1887, when the plaintiff was about three years of age. Harrison left a will which in effect left all his property to his wife in trust for his child, this plaintiff. Eliza M. Harrison, the wife, having been duly appointed executrix and trustee, received the sum of $4,173.40 in March of 1894 as the corpus of the trust. Three thousand dollars of this money was invested in property known as 242 East Twenty-third street, New York city, title to which was taken in the name of Mrs. Harrison, who by that time had become Eliza M. Schultz. George Schultz, her husband, named as one of the grantees, subsequently conveyed all his interest to the wife. Eliza Schultz died on the 13th day of January, 1921, leaving a will whereby she bequeathed her entire estate, both real and personal, to her husband, George Schultz, who subsequently qualified as executor on the 14th day of May, 1923.

The estate of Mrs. Schultz, including the said parcel of real property, was of the net value of $34,091.50. Neither Mrs. Schultz nor her husband ever accounted for the trust fund of $3,000 invested in this real property which was subsequently turned into cash and purchase-money mortgage by George Schultz after his wife's death. George Schultz died intestate on the 5th day of October, 1932, leaving an estate of real and personal property of a net value of $59,352.72. The public administrator, the defendant in this action, now represents this estate.

The trial justice found as a fact that Eliza M. Schultz, formerly Eliza M. Harrison, fraudulently misappropriated this portion of the corpus of said trust consisting of $3,000 which rightfully belonged to the plaintiff; and that the plaintiff, now a man of mature years, at no time had any knowledge or information prior to May of 1933 regarding the trust in his favor created by his father, or of the fraud which had been practiced upon him. The justice also found that, prior to the death of his wife, George Schultz knew that a portion of the trust fund in the sum of $3,000 had been invested in the Twenty-third street property, but that he did not assist the trustee in the fraudulent and dishonest disposition of this fund.

The court was justified in holding that this real property was impressed with a trust in favor of this plaintiff in the sum of $3,000, and that George Schultz took the devise under his wife's will impressed and incumbered with this trust. The finding made by the judge was quite specific. It reads as follows: " That the said real property, which was acquired by the said George Schultz, as Executor and sole devisee and legatee of the said Eliza Schultz, at the time of her death, was thereafter fraudulently retained by him with knowledge that it was so impressed with the said trust for the benefit of plaintiff."

Upon the mere recital of these facts it is apparent that the estate of George Schultz cannot withhold this $3,000 fund from the plaintiff. It never became his property,

and he and the estate were never entitled to it. Whether we consider him the successor trustee of an express trust (*Soar* v. *Ashwell*, [1893] 2 Q. B. 390), against whom there was no time limit for recovery (*Lightfoot* v. *Davis*, 198 N. Y. 261), or as a trustee *in invitum*, in whose favor the ten-year Statute of Limitations applicable to equitable actions (Civ. Pr. Act, § 53) would apply, is at this time immaterial, as this action was brought within the ten years' limitation extended by section 21 of the Civil Practice Act on the death of George Schultz, October 5, 1932.

The judgment of the Special Term charged interest on this fund from the 26th day of January, 1905. The Appellate Division modified the judgment in this particular by directing that interest on the $3,000 must run from the 20th day of September, 1898. The latter date is the time of the conversion or misappropriation by Mrs. Schultz; January 26, 1905, is the day the plaintiff-beneficiary became twenty-one years of age and entitled to the trust principal. The trust provision in his father's will reads: " The said Trustees shall invest and keep invested all of my estate, as aforesaid, in such safe security consisting either of improved real estate or good Bonds secured by first mortgages on good real estate, as in their discretion shall be secure, and they shall pay the income arising from such investments to my said beloved wife, Eliza M. Harrison during the period of her natural life, or until her remarriage after my death. She shall use the same for the support of herself and of any of my children during the minority of the latter. In case of the remarriage of my said wife after my death, then the entire income of my said estate shall be applied and devoted to the support of my children, if any me surviving, during the period of their minority and the principal of my said estate shall be paid to my said children in equal proportions if there be more than one, or the whole thereof when they or it attain the age of twenty-one years."

The plaintiff should have been paid the $3,000 at his majority but up until that time his mother could use the income for his support. He lived with his mother during his minority and was supported by her. The income on $3,000 would not go very far for this purpose. Under these circumstances we are justified in assuming that the mother spent more than such income upon her boy while he was growing up in the home. The trial justice was quite right, therefore, in starting the interest period with the plaintiff's majority, January 26, 1905, at which time the mother should have paid over to him the trust fund left by his father.

If George Schultz had received no more than the $3,000, he and his estate would be charged with interest only from the time that he took the money or property and failed to turn it over. However, this action is for much more than to recover for his illegal acts. He received as legatee under his wife's will over $34,000 net estate, and was also executor of her will. What was her liability for which all of her assets should respond at the time of her death? She had $3,000 in cash which she misappropriated in 1898. The findings are that she never accounted nor paid any money to the plaintiff as she should have done in the execution of the trust. At the time of her death she would have been liable for this $3,000, with interest from 1905 at least. Her estate, represented by George Schultz, her executor husband, would have been liable for this claim.

The whole claim, with interest from 1898, amounts to only $9,799.65 and, with interest from 1905, something less. Her net assets, which passed to George Schultz, both as executor and as legatee, were $34,091.50. How can this amount escape in equity the payment of the plaintiff's claim? How can George Schultz's estate receive and keep money which Eliza M. Schultz could not keep and which she, therefore, could not pass on to others who took with guilty knowledge? This action is brought in equity to reach these assets for the payment of this claim in full.

If George Schultz were still alive, being executor of his wife's will, he could be forced to account for every dollar coming into his hands from his wife's estate and on the accounting he would be charged with this claim of the plaintiff. George Schultz, however, died in 1932, leaving a net estate of $59,352.72. This includes the $34,091.50 received from his wife's estate, which was net, so that there are no outstanding claims of creditors. The dispute in this case is merely between the plaintiff and George Schultz's relatives as to who is entitled to the money that came from Eliza M. Schultz, at least to the extent of the $3,000 and interest.

In this state of affairs I can see no reasonable objection to equity taking jurisdiction ( *Newton* v. *Porter*, 69 N. Y. 133) and compelling the public administrator to pay over to the plaintiff the money concededly due him. There can be no question on the facts as stated and found by the trial judge that this money belongs to the plaintiff and not to the next of kin of George Schultz.

Is there anything in our law, barring the Statute of Limitations, which prevents a court of equity from doing equity and making the public administrator turn over from the funds in his hands money which does not belong to any person he represents, and which is the property of the plaintiff? Relief in equity was also required as the real property — the Twenty-third street property — in which the trust funds were placed, came to George Schultz as devisee and was converted by him into personalty, part mortgage, part cash. It was necessary to trace these funds. The $3,000 plus the interest from 1905 was the amount due the plaintiff when Mrs. Schultz died, against which no statute of limitations had run, as she was the trustee of an express trust. As before stated, the property of Eliza M. Schultz — her interest in the Twenty-third street property as well as other assets — was more than sufficient to pay this plaintiff the full amount due.

The modification as to interest made by the Appellate Division should be stricken out, and the judgment of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, J. (dissenting in part). The plaintiff, in 1905, became entitled to the corpus of a trust established for his benefit under the last will and testament of his father who died in 1887. Eliza M. Schultz, the plaintiff's mother, was trustee of the fund. She married George Schultz after the death of the plaintiff's father and she never paid either the principal or income of the trust fund to the plaintiff or accounted to him. She died in 1921, and by her last will and testament she devised and bequeathed her entire estate to her husband, George M. Schultz, and appointed him her sole executor. Letters testamentary were issued to him in 1923. At the time of her death she held title to a parcel of real property which she and her husband had purchased in 1898. The justice at Special Term has found that she " misappropriated a portion of the corpus of said trust consisting of $3,000 in cash, which rightfully belonged to plaintiff," and that the sum so appropriated was illegally used as a part of the total consideration paid by her and her husband, George Schultz, for the conveyance to them of a parcel of real property to which they took title in their joint names.

There can be no doubt that the plaintiff might have demanded from his mother at any time during her lifetime an accounting of her proceedings as trustee under the will of his father and payment to him of the corpus of the trust and the income therefrom. At her death her executor might have been compelled to account in her place (Surr. Ct. Act, § 257), and upon such accounting the plaintiff would have been entitled to receive the corpus of the trust and the income derived therefrom. If it then appeared that the deceased trustee had misappropriated the trust fund the plaintiff might doubtless have

recovered from her estate damages for such misappropriation together with interest from the date of the misappropriation.

The plaintiff did not demand such accounting either from the trustee or her executor. The reason is clear; the plaintiff did not discover that under the will of his father a trust fund had been established for his benefit, or that his mother had misappropriated the trust fund, until after her executor, George M. Schultz, died intestate in 1932. We need not, now, consider whether the Statute of Limitations then barred the plaintiff's cause of action for an accounting of the proceeding of his mother, Eliza M. Schultz, as trustee under the will of his father; for the plaintiff has asserted no such cause of action against her executor. He has brought this action against the estate of the deceased executor and that estate may be held only for personal derelictions of the deceased executor and for the return of property which the administrator has no authority to take charge of or to control. (Surr. Ct. Act, § 266.)

I agree with the opinion of the Chief Judge in so far as it holds that the plaintiff has established a cause of action against the estate of George Schultz for the sum of $3,000 which was wrongfully taken by Eliza Schultz from the trust fund belonging to the plaintiff. So long as the moneys so taken can be traced they remain in equity part of the trust fund. They have been traced into the real property which George Schultz took under the will of the delinquent trustee, with knowledge that these moneys had been wrongfully used in payment of part of the consideration for the conveyance of that property. For the reasons pointed out in the opinion of the Chief Judge, Schultz had no right to withhold this trust fund so received by him from the plaintiff to whom it rightfully belonged and any cause of action against him to compel its restoration survives against his estate. I agree, too, that this cause of action is not barred by the Statute of Limitations. I disagree only as to the

date when interest which may be included in the judgment begins to run.

Here, distinction between the present action and an action against a delinquent trustee, or his executor, and the present action becomes important. In an action against the delinquent trustee, or her executor, the plaintiff, as Chief Judge CRANE points out, might have compelled an accounting and recovered all sums found due upon the accounting, regardless of whether the delinquent trustee spent those sums for her pleasure or retained them as her property; while in the present action the plaintiff can recover only the amount which, as part of the estate of the delinquent trustee, was wrongfully appropriated by the defendant's intestate and used as his own. Though the defendant's intestate received, under the will of the delinquent trustee, all her property, his estate is not liable for the wrongs committed by the testatrix as trustee, but only for the proceeds of such wrongs which can be traced into the property received by plaintiff's intestate.

The plaintiff succeeded in tracing $3,000 into the real property to which the delinquent trustee took title in her own name and which is now part of the estate of George Schultz. There is neither evidence nor finding that any net income was received from the property or found its way into the estate of Eliza Schultz. The conclusions of law made by the justice at Special Term which constitute the only basis for the equitable relief granted to the plaintiff are that upon the purchase of the real property it " became impressed with the trust which had been created for the benefit of the plaintiff to the extent of $3,000," and that upon the death of Eliza Schultz the plaintiff had " a right to have a lien impressed upon the said real property in his favor to the extent of the original trust fund, plus accretions thereto."

What are the accretions to the original trust fund of $3,000? Not the income from the property which was

not reinvested in the property nor, certainly, interest upon the fund which the delinquent trustee appropriated. Accretions to the fund can mean only increase in the fund which can be traced into the estate of the delinquent trustee and from there into the possession of the defendants acting as administrators of George Schultz, deceased. That part of the decision and judgment which provides that the plaintiff shall have a lien upon the proceeds of the real property not only for the sum of $3,000, but also for interest thereon from January 26, 1905, is erroneous. Interest against the estate of George Schultz should run only from the time when the benefit to George Schultz from that fund began, i. e., the death of the delinquent trustee in 1921.

It is true that such judgment might award to the plaintiff less than the amount to which he is entitled. Until the death of his mother, Eliza M. Schultz, the plaintiff, at his option, might have held her liable for the amount of his trust fund so misappropriated, together with interest thereon from the date of the misappropriation, or might have claimed the benefit derived from the investment of the trust fund when he traced it into the real property purchased by the delinquent trustee. Though there is no proof that the property in which the plaintiff's trust fund was invested had increased in value at the time of the death of Eliza M. Schultz in 1921, yet if, in fact, there was such increase, the plaintiff might have claimed from her or her estate that part of the increase which was derived from the original investment. George Schultz took the property from his wife impressed with the same trust. That property was thereafter sold for a profit over the original investment. Again the plaintiff must have the option to demand and receive from George Schultz, or his estate, either the amount of his trust fund with interest thereon at least from the date when George Schultz wrongfully appropriated it to his use, or to claim the benefit of the increase in its value as shown by subsequent sale.

In the decision at Special Term the plaintiff was accordingly granted the option of a judgment for the amount of the original trust misappropriated, together with interest thereon from 1905, or a judgment directing the defendants to account to the plaintiff for the trust fund and income and profits accrued thereon proportionate to the " percentage which the said portion of the said trust fund in the sum of $3,000, which was used in the original purchase thereof, bears to the total cash investment of $8,200." The plaintiff chose the first option and entered judgment accordingly.

That choice was based upon the comparative advantage of an accounting or of a money judgment with interest from 1905. The choice might well be different if the judgment is modified by fixing the date for the commencement of interest much later. The plaintiff should then be given an option of entering a judgment as so modified or a judgment for an accounting of income and proceeds derived by George Schultz, or his estate from the real property proportioned to the percentage which the sum of $3,000, " which was used in the original purchase thereof, bears to the total cash investment of $8,200."

O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur with CRANE, Ch. J.; LEHMAN, J., dissents in part in opinion; FINCH, J., taking no part.

Judgment accordingly.