In the Matter of the Estate of ELEANOR L. HILLIARD, Deceased.

Surrogate's Court, Kings County, October 16, 1939.

*James G. Moore,* for Franklin J. Myers and Barton V. Hilliard, as executors, etc., petitioners.

*Affeld, Sowers & Herrick,* for the respondent.

WINGATE, S. The questions raised by the present motion for substitution and continuance are novel and interesting.

In June of this year the present applicants instituted a proceeding for discovery under section 205 of the Surrogate's Court Act against Charles T. Swimm, predicating it primarily on the assertions that their decedent, Eleanor L. Hilliard, possessed a part interest in a certain bank account which, prior to her death, had been transferred into the individual name of the respondent. It was also asserted that their decedent possessed certain rights as a distributee, and for commissions as executrix, under the will of Martha L. Swimm, the extent of which was within the knowledge of the respondent, who refused to impart any information respecting the subject.

Mr. Swimm was duly served with the order for examination and appeared by attorney but filed no answer. His examination was adjourned from time to time and was never held. As appears from the records of this court, he died on August 18, 1939, and letters executory in respect of his estate were issued to Phœbe D. B. Swimm on September 12, 1939. The petitioners now apply to continue the proceeding and to substitute this executrix in the place of the original respondent. The question presented is the permissibility of such procedure.

It is elementary that a discovery proceeding in the Surrogate's Court possesses a dual aspect. (*Matter of Kevill,* 166 Misc. 230, 233.) In its initial stage, it is inquisitorial, for the purpose of enabling the fiduciaries of an estate to secure information to permit them properly to perform their duty of reducing the assets of the estate to their possession. For its institution in this aspect, it is wholly unnecessary that a respondent be, or ever have been, in

possession of any property of the estate which the petitioner represents. The only demonstration required is a reasonable indication that he may possess some knowledge concerning the subject.

Whether or not such a proceeding will ever reach its potential second stage, of a virtual action of replevin, depends, in the absence of the interposition of an affirmative answer by the respondent, wholly on whether the examination demonstrates his possession or dealing with some specific and identified asset of the decedent.

The present proceeding has not reached the second stage. It is merely one for an examination of a specified individual who was asserted to possess knowledge necessary to enable the executors properly to perform their duties. Except for the broad latitude of allegation permitted in such proceedings, it is improbable that the order for examination would have been granted in the first instance, since a mere bank account, as distinguished from the indicia of ownership thereof, is not recoverable in the second stage of a discovery proceeding (*Matter of Hammer*, 237 App. Div. 497, 501; affd., 261 N. Y. 677; *Matter of Jastrzewski*, 252 App. Div. 384, 385); *a fortiori*, not a part of such an account.

The fact that a particular individual may possess information on a given subject raises no inference that his executrix is similarly informed. A personal representative does not continue the personality of the deceased. (*Matter of Killough*, 148 Misc. 73, 86.)

Had the proceeding reached the stage where specific money or other personal property belonging to this estate had been demonstrated to be in the possession of Mr. Swimm, a different question would be presented. Even under such circumstances, however, the propriety of a revival of the proceeding and its continuance against his executrix might be open to question by reason of the fact that the requirements for a proceeding under section 206-a for recovery from one standing in a fiduciary relationship differ materially from those specified respecting an ordinary discovery. Consideration of this question may well be postponed until the issue is presented.

All which is presently necessary for decision is that an order for the personal examination in discovery, of a named individual, necessarily abates on his death and is not capable of revival and continuance against his personal representative.

Enter order on notice in conformity herewith.