In the Matter of the Estate of JOSEPH N. COURTADE, Deceased.

Surrogate's Court, New York County, December 21, 1939.

*Cecil B. Ruskay* [*Stephen Yeghiaian* of counsel], for John T. Courtade, as executor and trustee, petitioner.

*Tolbert, Ewen & Patterson*, for Edward A. Courtade, Jr., as executor, etc., of Edward A. Courtade, deceased, respondent.

DELEHANTY, S. The now acting executor and trustee of deceased instituted in May, 1939, this discovery proceeding against Edward A. Courtade to recover a large amount of money and securities of large value alleged to be in the possession of Edward A. Courtade and to belong to the estate of deceased. In respect of some of the property referred to in the petition title was asserted by respondent and a jury trial of this issue of title was demanded by him. This issue has not been tried. In respect of a further substantial portion of the property referred to in the petition, respondent interposed merely a denial of possession. In accordance with usual practice under discovery orders he was then subjected to examination to test the validity of his denial of the receipt of the property not claimed by him to be his own.

After the completion of this examination petitioner sought and was afforded the opportunity to supplement the information elicited from respondent in respect of this quantum of property by proof otherwise that in fact it had reached the possession of respondent and had been appropriated by him. On the hearing of this addi-

tional proof respondent Edward A. Courtade attended in person and by counsel and participated actively in the examination of witnesses and in the scrutiny of the proof made by exhibits tendered in evidence. At the end of the inquiry so conducted petitioner asked for an order directing Edward A. Courtade to deliver over to the estate the property listed in the petition which was not claimed by respondent. Respondent's counsel challenged the sufficiency of the proof and asserted that respondent was entitled to a holding on the proof that he had not been shown to have received any of deceased's property. He asserted also that irrespective the proof of such receipts he was entitled to a final ruling in his favor as respects this body of property by reason of the operation of the Statute of Limitations. Respondent asked leave to brief these questions and asked the court to make an interim determination of the sufficiency of the *prima facie* case presented by the estate representative before requiring respondent to go into his case. He asserted the existence of evidence negativing petitioner's case. The court adopted the program suggested by respondent and received the briefs of the parties. Shortly after the matter was thus submitted for decision respondent died. After an interval his will was admitted to probate and his son, Edward A. Courtade, Jr., qualified as the executor thereof. Edward A. Courtade, Jr., in his character as executor, is sought to be substituted for respondent Edward A. Courtade in the pending discovery proceeding. The motion is opposed on grounds which require examination of the discovery statute and the authorities.

It was said in *Matter of Hilliard* (172 Misc. 273) that where no steps had been taken under the inquisitorial phase of the discovery proceeding up to the time of the death of a respondent it was not appropriate to substitute the legal representative of the respondent as the person to be examined in discovery. The distinguished surrogate who wrote in that case was careful to say that he was limiting his decision to the precise facts before him. He said that he would postpone until decision was necessary all consideration of the question which would arise if the proceeding had reached " the stage where specific money or other personal property belonging to [the] * * * estate had been demonstrated to be in the possession of " the original individual respondent. Decision of that question is now necessary.

Here the issue of possession of estate property by respondent has been actually tried to the point where petitioner's *prima facie* case was completed. While the process in discovery is not in all respects the same as the common-law action in replevin it has many characteristics of such an action. The present stage of this discovery process

is similar to the stage which would be reached in an action in replevin if the plaintiff's case establishing possession *prima facie* by a defendant had been completed when the defendant died. In such a situation there can be no doubt that the action could be revived and continued against the personal representative of the defendant. (Civ. Prac. Act, § 82; *Potter* v. *Van Vranken*, 36 N. Y. 619.) The court holds that the discovery process has not abated by reason of the death of the original individual respondent after the *prima facie* case of petitioner had been completed.

The proceeding here is one by the representative of the estate of Joseph N. Courtade, Sr. It is instituted under sections 205 and 206 of the Surrogate's Court Act to collect an asset of that estate. If any such asset is found in the belongings of deceased Edward A. Courtade it is deliverable over by the latter's representative. The argument that the proceeding has been converted by the death of respondent into one under section 206-a of the Surrogate's Court Act is without substance. The representative of the deceased respondent may successfully interpose the defense that he finds none of the demanded securities among the possessions formerly of Edward A. Courtade reaching the hands of the fiduciary in his character as such. He nevertheless must substitute for the original individual respondent in continuing the trial of the issue whether or not money of the deceased Joseph N. Courtade, Sr., for which Edward A. Courtade was accountable reached the latter's hands. The issue before the court for trial will determine on the one hand whether or not the estate of Edward A. Courtade is possessed of identifiable securities belonging to the estate of Joseph N. Courtade, Sr., and on the other hand will establish whether Edward A. Courtade appropriated identifiable securities during his lifetime making his estate liable to the estate of Joseph N. Courtade, Sr., for the proceeds thereof. As a corollary the litigation will also establish whether the estate of Edward A. Courtade has funds of the estate of Joseph N. Courtade, Sr., and will fix the liability for such funds by the amount of money of Joseph N. Courtade, Sr., reaching Edward A. Courtade and unaccounted for by him plus the value of securities of Joseph N. Courtade, Sr., received by Edward A. Courtade and not found in the latter's possession when his fiduciary took his property in charge.

Some point is made in opposition to the motion to bring in the representative of Edward A. Courtade that his death has removed from the scene a witness in behalf of his estate. Note has already been made that the submission of the controversy on the *prima facie* case of petitioner was with the consent and at the instance of Edward A. Courtade. The case is no different than it would have

been had the proceeding been initiated in the first place after Edward A. Courtade's death. Petitioner would have the same rights to pursue the money and property of Joseph N. Courtade, Sr. The representative of Edward A. Courtade would then be under the same handicap due to Edward A. Courtade's death. While the point is not important it is here the case that Edward A. Courtade's version of the matters in issue is available in his examination under the order.

In respect of the issues raised by the answer of Edward A. Courtade the court holds also that the proceeding must be continued for trial on the original petition and the answer. Upon the filing of the answer there was put in issue the same questions of title and of possession that are found in the ordinary action in replevin. There is no reason why the issue thus formulated may not be continued to a complete hearing in the present controversy.

Accordingly the application to bring in the executor of Edward A. Courtade as a party in this discovery proceeding is in all respects granted. Submit, on notice, order accordingly.