In the Matter of the Estate of JOSEPH N. COURTADE, Deceased.

Surrogate's Court, New York County, January 9, 1940.

*Cecil B. Ruskay* [*Stephen Yeghiaian* of counsel], for John T. Courtade, as executor and trustee, petitioner.

*Tolbert, Ewen & Patterson,* for Edward A. Courtade, Jr., as executor, etc., of Edward A. Courtade, deceased, respondent.

DELEHANTY, S. By decision heretofore filed (172 Misc. 1078) the representative of the now deceased respondent in this discovery proceeding was made a party to the record. It is appropriate now to pass upon the motion made by the respondent through his counsel in his lifetime to dismiss the proceeding for failure of proof and because of the bar of the Statute of Limitations.

As was stated in the prior decision, the court was asked at the conclusion of the direct case of petitioner to consider the legal objections of respondent to further proceedings. The court consented to and did receive briefs of the parties on the question whether a *prima facie* case had been made by petitioner against respondent and whether assuming such case had been made respondent nevertheless must be discharged because the time elapsed since the acts charged against him barred further proceedings.

The large body of proof by exhibits and otherwise presented on the direct case of petitioner established at least *prima facie* that there existed between Joseph N. Courtade, Jr., and deceased respondent a common plan and design to appropriate to themselves in the lifetime of deceased the greater part of the latter's property. The proof further establishes that the plan was in large degree successful and that the misappropriated property reached the respondent both in cash and securities of large value. Whether at the close of the whole case the court on the then complete record can find that each and every of the items of money and of securities referred to in the proof as having reached the now deceased respondent actually did come into his possession can be determined only when the case is finally submitted. It suffices to say that a *prima facie* case has been made by petitioner.

The transaction complained of by petitioner occurred in major degree, if not wholly, more than six years prior to the death of deceased. The proof establishes that deceased had no knowledge of these transactions but that on the contrary the access which his sons had to his money and his property was so misused by them as to deprive deceased of his property and appropriate it to his sons without the knowledge of deceased. It was only after deceased's death and after objections to the account of his executor had been interposed that the facts were developed which established this scheme and plan for misappropriation of deceased's assets. In such circumstances the six-year Statute of Limitations is not a bar. A similar situation is dealt with in *Lightfoot* v. *Davis* (198 N. Y. 261) and it was there held that the statute did not begin to run until the discovery of the fraud. As the headnote says: "Where a person obtains possession of property secretly, by a common-law larceny and conceals that possession, the lapse of time cannot confer title * * *." Accordingly the court holds that the defense of the Statute of Limitations is insufficient. The case is restored to the calendar for hearing of the respondent's case on the 24th day of January, 1940, at ten o'clock A. M.