In the Matter of the Estate of FRANCIS BRADY, Deceased. FLORENCE BRADY, as Executrix of FRANCIS BRADY, Deceased, Appellant; ELIZABETH M. BROWN, Individually and as Executrix of DONALD F. BROWN, Deceased, Respondent.

Third Department, November 23, 1955.

*Harold J. O'Keefe* for appellant.

*Theodore H. Grey* for respondent.

FOSTER, P. J. The Surrogate's Court of Saratoga County has dismissed this discovery proceeding on the ground that the six-year Statute of Limitations was a bar.

The proceeding was begun by a petition verified December 28, 1950. This alleges in substance that the petitioner is the sole executrix of the estate of Francis Brady, who died on March 30, 1944, and who, at the time of his death was the owner of certain personal property in a hotel in Corinth, New York. It also alleges that on April 22, 1944, a demand was made for possession of the property and such demand was refused.

Francis Brady had the life use of the hotel property under the will of his mother, Catherine Brady. The remainder was to go first to Nellie Brown Cullen, a sister of Francis Brady, for her lifetime; and upon her death to her children Donald Brown and Eleanor Brown (Reed) in fee. Upon the death of Francis Brady his sister Nellie Brown Cullen took possession of the hotel property, and it was upon her that the original demand for possession of the personal property was made.

After possession was refused a discovery proceeding was instituted against her. The petition in this proceeding alleges that she interposed an answer in the former proceeding; and that issues were joined but never tried. It also alleges that proceedings under that discovery petition were adjourned from time to time until the 19th day of January, 1951, and are still pending. This allegation is denied in the respondent's answer.

In any event Nellie Brown Cullen died May 3, 1948, before any decision was made in the former proceeding. Her children Donald Brown and his sister Eleanor Brown (Reed) came into possession of the hotel property. Eleanor Brown (Reed) conveyed all her interest in the property to her brother Donald Brown. He died October 8, 1949, leaving a widow Elizabeth M. Brown, who is the respondent in the present proceeding. The petition here alleges that a demand was made upon her for possession of the personal property heretofore mentioned. Thereafter the present proceeding was then commenced on or about December 28, 1950. Respondent's answer, in addition to various denials, set up two affirmative defenses, i.e., the six-year Statute of Limitations and laches.

The Surrogate deemed it necessary to construe that part of the will of Catherine Brady which provided for life estates. He held that the interests of Donald Brown and Eleanor Brown (Reed), the grandchildren of Catherine Brady, became vested on the date of the latter's death and hence any discovery proceeding could have been instituted against them at any time within six years thereafter. Since that was not done the Statute of Limitations was held by the Surrogate to be a complete defense to the present proceeding.

We are unable to agree with the reasoning of the Surrogate. It seems to us that the date on which the estates of the grandchildren vested has no relevancy to the Statute of Limitations. The claim of appellant is that her husband was the owner of certain personal property at the date of his death on March 30, 1944, which formed no part of his mother's estate. The demand for the possession of such property was not made until

April 22, 1944, and under no conceivable theory could the Statute of Limitations begin to run against appellant before that date.

Since, under modern practice, a discovery proceeding is regarded as akin to a replevin action there may be a question as to whether the Statute of Limitations continues to run where there are successive changes in possession and new demands for possession are made. It is possible to envisage new acts of conversion which might prevent the process of tacking the statute to each successive change of possession. As to personal property there is scant authority on this subject. With regard to real property it is clear that no such exception exists, and a subsequent demand does not have the effect of creating a new cause of action (*Cooley* v. *Lobdell,* 153 N. Y. 596). The problem with relation to personal property is discussed to some extent in *Lightfoot* v. *Davis* (198 N. Y. 261), but not answered. And we are not required for the purpose of this case to answer it here. Accepting respondent's contention that the statute began to run on April 22, 1944, no bar existed against the present proceeding at the time it was commenced, at least so far as the Statute of Limitations is concerned. The proceeding was directed against respondent in her representative capacity and was in the nature of a claim against the estate. Hence the extension of eighteen months provided for in section 21 of the Civil Practice Act is applicable and must be added to the six-year period. (*Harrison* v. *Egan,* 270 N. Y. 387.) Under this theory the present proceeding was commenced several months before any bar by way of limitation became effective.

We are somewhat concerned however with what may have happened to the first discovery proceeding as this may have an important bearing on the issue of laches, which the Surrogate did not decide. Whether that proceeding is still alive is, on the face of the pleadings, not yet resolved. In this connection it is to be noted that the former proceeding had passed beyond the stage of a mere inquiry. Issues had been joined, and we assume among them the issue of title, and hence the matter became akin to a replevin action (*Matter of Donnelly,* 157 Misc. 319). Upon the filing of the answer there was put in issue the same questions of title and possession as are found in the ordinary action for replevin, or at least we must assume this to be the fact from the allegations of the petition herein. In such a situation we think the preferred practice would have been an application by appellant for a substitution of Nellie Brown Cullen's representative, after she died, as a respondent in the former discovery proceeding (*Matter of Courtade,* 172 Misc.

1078).   There is no occasion for a succession of discovery proceedings where one will suffice.   Moreover there is no adequate explanation in the record before us as to why the proceeding against Nellie Brown Cullen was delayed until her death four years after the proceeding was begun.   The casual statement in the appellant's brief that she became sick and died before the proceeding was terminated is hardly sufficient as a defense against the charge of laches raised by the respondent in this proceeding.

The order should be reversed, without costs, and the matter remitted to the Surrogate's Court for a determination of any pertinent issues, including the issue of laches.

Bergan, Coon, Halpern and Zeller, JJ., concur.

Order reversed, without costs, and the matter remitted to the Surrogate's Court for a determination of any pertinent issues, including the issue of laches.