In the Matter of the Estate of CHARLES H. CAMPBELL, Deceased.

Surrogate's Court, New York County, July 23, 1932.

*Dudley Dupignac*, for the petitioner.

*Frederick W. McGowan*, for the National Surety Company.

*Milbank, Tweed, Hope & Webb*, for the Borden Company, respondent.

*David R. Logan*, for the administrator d. b. n.

*George F. Allison*, for the petitioner for revocation of letters.

FOLEY, J. This is a discovery proceeding instituted by the administrator *de bonis non*, in which this court is asked to direct the delivery to the estate of a large sum of money as well as certain promissory notes and shares of stock. The basis of the petitioner's claim is a contract entered into between the decedent and a corporation in May, 1914. The liability of both parties to this agree-

ment is interdependent on another contract between the respondent corporation and another corporation not a party to this proceeding. The respondent corporation has filed an answer not only denying any liability to the estate, but also setting up a counterclaim for money alleged to be due from the estate pursuant to the terms of its contract with the decedent and the contract with the corporation not a party to the proceeding.

Although I am fully cognizant of the powers of the Surrogate's Court brought about by recent amendments, and their judicial interpretation by the Court of Appeals, I am constrained to hold that this court has no jurisdiction to entertain this proceeding or to grant the relief sought. The effect of the recent amendments to the law (Surr. Ct. Act, §§ 40, 205 and 206), which broadened the powers of this court in discovery proceedings, was comprehensively summed up by Judge LEHMAN in his opinion in *Matter of Akin* (248 N. Y. 202). The court therein decided that the surrogate had jurisdiction to adjudicate as to the ownership of a bank account claimed by the estate and one alleging a gift of the moneys deposited by the decedent in his lifetime. Moreover, the court pointed out that even though the issue of title to the fund was not raised by answer, the surrogate nevertheless had power to direct delivery of the proceeds of the account to the administrator. In *Matter of Wilson* (252 N. Y. 155) the power of this court to follow the proceeds of property wrongfully disposed of was upheld.

In the present proceeding the rights of the parties to the specific property claimed and to the moneys alleged to be due, depend upon the terms and conditions of a written contract. Their rights and liabilities are purely contractual and contract obligations are usually enforced in a common-law court. A most recent pronouncement on this question is found in the opinion of Judge McAvoy in his opinion in *Matter of Thomas* (235 App. Div. 450), where, in speaking of the effect of the amendments to the Surrogate's Court Act by which the jurisdiction of this court was greatly increased, he states: " These provisions do not indicate an intent of the Legislature to vest in Surrogates' Courts jurisdiction of actions at law for the recovery of common debts or to enforce ordinary contract obligations. An action to establish a debt must still be brought in the common-law forums where the evidence may be presented by testimony taken in open court."

In addition to the fact that the petitioner's rights are purely contractual and should be enforced in a common-law forum, or perhaps in equity, if alternative jurisdiction exists, there is the fact that the rights and liabilities of the parties also depend upon a contract between the respondent and another corporation not a

party to this proceeding. We are thus asked to adjudicate as to the rights of a party not properly before the court. While this circumstance is not controlling, it renders the relegation of the parties to the proper tribunal most advisable.

Submit order on notice denying the application, without prejudice to any other action or proceeding in the proper tribunal.