In the Matter of the Estate of DANIEL M. ENRIGHT, Deceased.

Surrogate's Court, Kings County, November 2, 1933.

*Gray & Tomlin,* for St. Patrick's Roman Catholic Church and others.

*Murphy & Fultz,* for the petitioner.

*Aaron Bearnman,* for the executors.

*Edward J. McCrossin,* for the Roman Catholic Orphan Asylum Society of Brooklyn.

*James A. Donegan,* for The Servants of Relief of Incurable Cancer.

*Edward J. Connolly,* referee.

WINGATE, S. On this motion to confirm the report of the referee certain objections have been filed to portions of his conclusions. In so far as these concern the probative force and weight of the evidence adduced before him, they will be overruled. (*Matter of Winsweiler,* 146 Misc. 436, 437; *Matter of James,* 148 id. 124, 125, 126.) His conclusions of law are correct on the facts found, and will not be disturbed. There remains for consideration merely an objection to the jurisdiction of the court to grant the relief which is herein sought.

The petition by which the proceeding was instituted was made by a corporation organized by the decedent, in which he exercised a dominant ownership up to the time of his death. It was alleged that the decedent had contracted with the corporation to transfer certain specified assets to it in return for the issuance to him of certain shares of its capital stock. The shares were issued, delivered to and accepted by him, but through inadvertence or otherwise, he failed to effectuate the transfers of property as agreed. In addition to this, it was asserted that certain stocks and notes purchased .with corporate funds or relating to purely corporate transactions had remained in the possession of the decedent who was the president of the corporation. The relief prayed was that the executors be required to turn over to the corporation these specified assets which had come into their possession on qualification.

The referee, after extended hearings, has found that the allegations of the petition are true. On the confirmation of these findings a situation is disclosed where a fiduciary, holding letters of authority from this court, is withholding from the rightful owner property which should be in the possession and within the control of the latter. Further retention would constitute an illegal and unjustifiable act.

Under section 40 of the Surrogate's Court Act the surrogate is granted the particular authority: " 3. To direct and control the conduct * * * of executors." They are fiduciaries peculiarly within his jurisdiction and if or when it is made to appear that their actions in an official capacity are unlawful and improper, it is not only within the power, but it is the particular duty, of the surrogate to see to it that their conduct shall conform to the dictates of equity and good conscience. Were this not so, it would be entirely possible for them to cast discredit upon the entire system of decedent distribution.

Further than this, however, the Surrogate's Court is given express statutory authority, in addition to the special powers otherwise granted, " To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal and equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires."

The unanimous determination of the Court of Appeals in *Matter of Raymond* v. *Davis* (248 N. Y. 67) established the policy of a

liberal construction of this enactment by its quotation, adoption and application of the language of Surrogate FOLEY in *Matter of Haigh* (125 Misc. 365, 368) that " concentration of jurisdiction as to decedents' estates [in the Surrogates' Courts] has been the purpose and result of successive legislation and judicial decision," and that of Mr. Justice THOMAS, writing for the unanimous court in the Second Department, in *Matter of Coombs* (185 App. Div. 312, 314), that " the State has empowered surrogates in unmistakable language, and it is not the function of the courts to discover or to fashion reasons for thwarting the manifest policy."

Under the portion of section 40 of the Surrogate's Court Act, above quoted, one and only one condition precedent to the jurisdiction of the surrogate is imposed. This is that the question adjudicated shall relate to the affairs of a decedent estate. If compliance with this prerequisite is demonstrated, legislative authority grants the surrogate full power " to make a full, equitable and complete disposition of the matter by such order or decree as justice requires," and, to paraphrase the language of the Court of Appeals, does not require the remission of the claimant to another forum with " a postponement of justice equivalent to a denial."

" Surrogates' Courts now possess entirely unlimited jurisdiction over any and every legal and equitable question which may ever arise in connection with decedents' estates * * * so far as it concerns any person actually or constructively before the court by reason of any right in, claim to, or obligation in connection with, a decedent's * * * estate." (*Matter of Morris,* 134 Misc. 374, 382.)

In *Matter of Ashner* (231 App. Div. 127, 130) and *McLean* v. *Hart* (228 id. 379) the injunctive power of the Surrogate's Court in matters respecting decedents' estates was sustained. Authority to compel a partnership accounting has repeatedly been exercised. (*Matter of Raymond* v. *Davis,* 248 N. Y. 67; *Matter of Van Buren* v. *Estate of Decker,* 204 App. Div. 138; *Matter of James,* 149 Misc. 135.) Replevin in favor of the estate is constantly decreed. (*Matter of Buckler,* 227 App. Div. 146; *Matter of Wilson,* 252 N. Y. 155.) The present application amounts in effect to a replevin against the estate, but differs in degree rather than in kind from the ordinary claim presented against a decedent's estate in that the petitioner seeks solution of his demand, not from the assets in the hands of the fiduciary indiscriminately, but from a specified and identified . portion thereof.

The report of the referee will be confirmed in its entirety.

Proceed accordingly.