JAMES L. HUNTER, Appellant, v. TITLE GUARANTEE AND TRUST COMPANY, Respondent.— Judgment dismissing complaint reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. In our opinion it was a question for the jury to determine whether respondent undertook, before 1928, to defend the action, and whether there was unnecessary and unreasonable delay on its part in bringing the case to trial. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

In the Matter of the Petition of BENJAMIN B. BRYAN, SR., Appellant, for an Order Directing MARION BLAIR HIGGINS, Individually and as Executrix, etc., of ALEXANDER J. BLAIR, Deceased, Respondent, to Assign, Transfer and Deliver to Said BENJAMIN B. BRYAN, SR., or His Nominee, a Certificate of Membership in the New York Produce Exchange. MINNIE ELIZABETH BLAIR, Respondent.— Order of the Surrogate's Court of Kings county directing a jury trial of the issues modified by striking out the provision directing the trial to be had in the Supreme Court, and by inserting in the place thereof a provision that the trial be had in the Surrogate's Court, and as thus modified affirmed, without costs. Section 68 of the Surrogate's Court Act, except in respect of the probate of a will, gives a party the right to a jury trial in respect of a controverted question of fact only where such a party has a constitutional right of trial by jury. The executrix would have such a constitutional right of trial by jury if she prosecuted her claimed rights as contained in her counterclaim in the answer herein in an independent proceeding. She did not do so. She interposed, instead, as a counterclaim, a legal cause of action in an answer to what in effect was an equity suit contained in the petition herein. A counterclaim in an equity suit did not give rise to a right to a jury trial at common law. (*Mackellar* v. *Rogers*, 109 N. Y. 468, 472.) Therefore, in the state of the pleadings the executrix did not have a constitutional right of trial by jury so as to be entitled as of right under section 68 to a jury trial herein. A jury trial on a demand therefor may only be accorded in this proceeding under the pleadings by way of advising the surrogate in the exercise of his powers as an equity chancellor. The jury's verdict in such a situation is merely advisory and may be rejected or accepted, to the degree that it is of aid in enabling the surrogate to pass upon the controverted questions of fact involved. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.