In the Matter of the Estate of FRANK E. HAYES, Deceased.

Surrogate's Court, Kings County, October 18, 1934.

*Samuel Stark,* for the petitioner.

*Kooperstein & Kooperstein,* for the executor.

*Frank M. Gordon,* for Mary A. Avery and another, residuary legatees.

WINGATE, S. This is an application verified by one who alleges herself to be the president of Frank E. Hayes, Inc., to compel the executor of Frank E. Hayes to return to the possession of the corporation its corporate books and records.

The first defense of the respondent to the effect that this court has no jurisdiction of such a proceeding is obviously wholly without merit. Section 206-a of the Surrogate's Court Act expressly grants such power. That this enactment is merely declaratory of the law which has existed for the past twenty years is demonstrated by *Matter of Enright* (149 Misc. 353, 354, 355). Even were this not the fact, the statute is merely procedural and would consequently be retroactive in operation. (*Penniman's Case,* 103 U. S. 714, 720; *Matter of Trustees of New York Protestant Episcopal Pub. School,* 31 N. Y. 574, 585; *Howard* v. *Moot,* 64 id. 262, 268; *People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 id. 429, 441; *United States* v. *Union Pac. Ry. Co.,* 98 U. S. 569, 606; *Matter of Reppucci,* 145 Misc. 671, 675; *Matter of Cohen,* 149 id. 765, 780.)

The second defense is to the effect that the respondent, and not the person who verifies the application, is the president of the corporation, and that whereas he is the executor of Hayes, he is holding the books in his capacity as such corporate officer.

These irreconcilably diverse allegations would seem to indicate that one party or the other is, to speak mildly, taking certain liberties with the truth. Obviously the issue of fact thus raised cannot be determined on the papers submitted but is resolvable only on a hearing (*Matter of Ferrari,* 134 Misc. 728, 730; *Matter of Teres,* 140 id. 549, 550; *Matter of Schrier,* 145 id. 593, 595), for which purpose the matter may be set down by either party on usual notice.

Proceed accordingly.