In the Matter of the Estate of CONRAD MATHESEN, Also Known as CONRAD MATHISON, CONRAD MATHISEN and CONRAD MATHIESEN, Deceased.

Surrogate's Court, Kings County, December 11, 1936.

*Wilson, Tergesen & Reque* [*Hult Lawrence Wilson* of counsel], for Ralph Olsen, claimant, petitioner.

*Landi & Landi* [*P. Vincent Landi* of counsel], for Anna Kisswetter Mathesen, as administratrix, respondent.

WINGATE, S. The main proceeding in which the present motion is made is one of replevin against an administratrix pursuant to the provisions of section 206-a of the Surrogate's Court Act. The petition alleges " that there is certain money and other personal property of your petitioner above named, to wit; Five Thousand ($5,000.00) dollars and a walrus bag with its contents, which should be delivered to your petitioner and which is now in the possession of [the administratrix] and who withholds such possession from your petitioner." Formal allegations to the effect that the petitioner is the owner and entitled to the immediate possession of the subject-matter of the proceeding, and of demand made, are incorporated in the petition.

In response to a demand and order therefor, the allegations of the petition were amplified by a bill of particulars which states, *inter alia*, that the " petitioner does not claim a specific $5,000 "

and that his " claim to title and right of possession and delivery of the money and personal property referred to * * * is based upon both an instrument in writing and upon oral transactions; " that " the substance of the oral transaction was to the effect that deceased wanted the petitioner to have the contents of the walrus bag, and that in the bag was a letter addressed to the petitioner, that would take care of everything, and would give * * * petitioner $5,000.00."

The document referred to is asserted to read:

" To Whom it may concern.

" This is my Will and Testament. In the case of Death I Bequeath all the money I has in Savings Banks shall go my Wife Anna Mathesen nee Kisswetter. With the Exception of $5000 Dollars that I bequeath to Ralph Olsen, 953–52nd Street, Brooklyn, Ralph may spend as little as possible for our funeral, little and simple please put us in Earth at Greenwood if possible Anna is to good for a man like me Im no use so let me pass on. There are $200 in a Walrus Bag in Closet fron Room Bag and Money I leave for Ralph als some paper with it. Everything is my own fault so god Bye and God luck to one and all

" CONRAD MATHESEN."

This paper appears to have been signed by the decedent but not to have been witnessed. It was not propounded as a will, intestate administration was granted on the estate of the decedent and the present petition affirmatively alleges that he died intestate.

The bill of particulars further asserts that this paper did not come into the petitioner's possession until March 30, 1936, two days after the death of the decedent, and admits that he never had custody or possession of the $5,000 or the walrus bag which are the subject-matters of the proceeding.

The present motion seeks the dismissal of so much of the petition as seeks a direction for the turning over of the sum of $5,000 but does not seek like relief in respect to the walrus bag and contents.

The statutory authority upon which the petitioner relies for relief is found in section 206-a of the Surrogate's Court Act which was added by chapter 539 of the Laws of 1934. This reads:

" § 206-a. Proceeding to compel delivery of specific personal property or the proceeds or value thereof, by an executor, administrator, temporary administrator, guardian or testamentary trustee. A person having a claim to specific money or other personal property or the proceeds thereof alleged to be in the possession or under the control of an executor, administrator, temporary administrator, guardian or testamentary trustee may present to the Surrogate's Court from which letters were issued, a petition setting forth the facts and praying that such representative be cited to show cause

why he should not be required to deliver such specific money or other personal property or the proceeds thereof in his possession or under his control. In such a proceeding, citation must issue to and be served upon such representative and all persons interested in the estate and in the specific property, whose rights or interests would be affected by the decree. Upon the return of the citation, the surrogate must hear the proofs of the parties, determine the issues, adjudicate the respective interests of the parties in such property or the proceeds or value thereof, and make a decree directing delivery or payment as justice requires."

As this court had occasion to observe in *Matter of Hayes* (153 Misc. 234, 235), this enactment was merely declaratory of the previously existing law as determined in *Matter of Enright* (149 Misc. 353).

Whereas the occurrences preceding the enactment of this legislation are in part, at least, not such as are capable of judicial cognizance and cannot be taken into consideration in its interpretation, a brief recital thereof may serve to dispel some of the misapprehensions of the petitioner in relation thereto.

In the fall of 1933 a petition was presented to this court which demonstrated that a certain decedent had contracted with a corporation organized by him to transfer certain specified assets to it in return for the issuance to him of shares of its stock. The transaction was consummated by the issuance of the shares, but through inadvertence, title to the identified property was not actually transferred. The decedent became the president and manager of the company, and the particular assets were treated as those of the corporation. In addition, various identified books and documents relating to the corporate affairs, and belonging to it, were in the physical possession of the decedent at the time of his death, having come into his hands by reason of his official position as president and manager of the corporation. These various identified assets of the corporation were essential for the proper transaction of its business and this court held that its powers over its fiduciaries under section 40 of the Surrogate's Court Act were ample to permit it to direct the executors to turn over to the true owner, namely, the corporation, the specific, identified property in question. (*Matter of Enright*, 149 Misc. 353.)

All this is a matter of record. That which is not a matter of record, however, is that early in January, 1934, at the annual meeting of the executive committee of the New York Surrogates Association, this determination came up for discussion, and whereas all present agreed with the soundness and propriety of the result attained, some felt that express authority for its attainment should

be incorporated into the law in statutory form, for which purpose a bill, sponsored by the association, was introduced into the Legislature, was duly enacted and became a law on May 14, 1934.

Whereas, as stated, these facts respecting the purpose of the introducers of the bill and their object in securing its enactment are legally unavailable in any proceeding involving its interpretation, the proximity in point of time of the decision in *Matter of Enright* (*supra*) to the date of enactment, the identical subject-matter treated and the circumstance that the result attained on the facts of the case was exactly ratified and confirmed by the enactment, may be taken into consideration in any evaluation of the effect of the statute. (*Matter of Frasch*, 245 N. Y. 174, 180; *Matter of Hamlin*, 226 id. 407, 414; *Matter of City of New York* [*Tibbett Avenue*], 221 id. 127, 131; *Woollcott* v. *Shubert*, 217 id. 212, 221.)

In *Matter of Enright* (*supra*) recovery from the executors of specific, identified property was permitted. The statute authorizes recovery from the enumerated fiduciaries only of " specific money or other personal property, or the proceeds thereof."

The term " specific " has an accepted and universally recognized legal meaning in respect to the estate of a decedent, and connotes a distinct, specified or identified thing which is distinguished from every other item or thing in the world. (*Davis* v. *Crandall*, 101 N. Y. 311, 319; *Crawford* v. *McCarthy*, 159 id. 514, 518; *Leonard* v. *Harney*, 173 id. 352, 355; *Matter of Tailer*, 147 App. Div. 741, 746; affd., 205 N. Y. 599; *Matter of Solomon*, 165 App. Div. 276, 278; *Matter of Smallman*, 138 Misc. 889, 897, 898; *Matter of Anable*, 139 id. 914, 917; *Matter of Baker*, 146 id. 437, 439.)

There is no reason in logic or in the connotation of language which should result in attributing to the phraseology employed in the statute any diverse meaning. The test of applicability is simple. If the subject-matter of a proceeding under section 206-a is an article or fund which, if given to a person in a will, would constitute him a specific legatee thereof, then the terms of the statute apply and, upon a proper showing of ownership and right to immediate possession, he may obtain an order directing the fiduciary to deliver it to him or to pay him the proceeds derived from its disposal if it has been aliened. In the absence of all of these essential elements, recovery is unauthorized.

In the case at bar the petitioner is, in respect to the $5,000 item, seeking no specific thing or fund but is merely seeking a payment of this sum from the general assets of the estate. It follows that in this respect, at least, the proceeding is improperly brought and the motion to dismiss this portion of the claim must be granted, with costs.

Enter order on notice in conformity herewith.