In the Matter of the Estate of JOSEPH M. SICHEL, Deceased.

Surrogate's Court, Kings County, February 4, 1937.

*Edward A. Kole,* for Abraham M. Metz, as administrator, etc., petitioner.

*Seymour M. Liebowitz,* for the respondent Jeannette S. Mannheimer.

WINGATE, S. This is an application to dismiss for lack of juris-diction so much of a discovery proceeding as relates to the proceeds of certain policies of insurance upon the life of the decedent which were, by their terms, payable to the respondent as named beneficiary.

The basis for the relief, as stated in the petition, reads: " that although the said Jeannette Mannheimer was the beneficiary named in such policies, this was arranged by the decedent merely for the purpose of making it impossible for the wife, from whom the said decedent was divorced, to reach any part of his insurance estate; but that it was the intention of the decedent that the principal sums of these policies should form part of his estate for the support and maintenance of his sole surviving beneficiary, Marion B. Sichel."

The question thereupon presented is as to whether the payments made under contracts of life insurance pursuant to directions of the insured are " money or other personal property, or the proceeds or value thereof, which should be delivered or paid to the " adminis-trator pursuant to the provisions of section 205 of the Surrogate's Court Act.

It has been authoritatively determined that " the purpose of the enactment was to provide a summary mode of discovering and reaching *specific* property of a deceased in the possession of a third person, and to enable the personal representative of the deceased to obtain an order for its surrender." (*Matter of Wilson,* 252 N. Y. 155, 157, italics not in original.) The connotation of

the term "specific" is here precisely the same as its signification in other legal connections. (*Matter of Mathesen*, 161 Misc. 367, 370.)

In all essentials, therefore, a proceeding for discovery in the Surrogate's Court is the equivalent for an action of replevin in a court of general jurisdiction. (*Matter of Blair*, 151 Misc. 192, 193; revd. on other grounds, 242 App. Div. 689; *Matter of Enright*, 149 Misc. 353, 355; *Matter of Hagan*, 157 id. 378, 381; *Matter of Donnelly*, Id. 319, 320.)

As was pointed out in *Matter of Lusher* (159 Misc. 387, 389): "The line of demarkation between the instances in which the court has jurisdiction and those in which it has not, is wholly unmistakable. If the genesis of the obligation of the respondent was predicated on the possession of an asset, jurisdiction inheres. If it was based merely on a general claim against him, purely *in personam*, it does not."

In the present instance, the right in pursuance of which the respondent recovered the insurance proceeds accrued to her solely as the person who answered the description in the contract, and is not one which the decedent ever possessed. (*Matter of Haedrich*, 134 Misc. 741, 747; affd. on opinion of this court, 230 App. Div. 763; affd., 256 N. Y. 608; *Matter of Suderov*, 156 Misc. 661, 663; affd., 249 App. Div. 763.) As a result, no interest in the policy or in the proceeds thereof as such ever passed or could pass from the decedent to the administrator of his estate.

It may be that the decedent entered into some contract with the respondent by the terms of which, in consideration for his naming her as beneficiary in the policies, she agreed to use the proceeds in some specified way. The petition, even according it the most favorable possible construction, does not so allege, asserting merely that "it was the *intention*" of the decedent that they should be put to such particular use. Even could this egregious defect in allegation be condoned, however, the result of such an arrangement, if it took place, would be merely to give rise to a right *in personam* against the respondent, the enforcement of which is not within the authority of this court. (*Ward v. N. Y. Life Ins. Co.*, 225 N. Y. 314, 319, 320; *Matter of Thomas*, 235 App. Div. 450, 454; *Matter of Campbell*, FOLEY, S., 145 Misc. 389, 390; *Matter of Kingsley*, 111 id. 528, 529; *Matter of Taylor*, 174 N. Y. Supp. 764, not otherwise reported.)

*Matter of Reich* (146 Misc. 616), upon which the petitioner relies, is not even remotely in point. There the applicant sought the recovery of a specific thing, namely, a bank book. In *Matter of Johnson* (124 Misc. 498) and *Matter of Ehlers* (133 id. 424) the

questions adjudicated related merely to the accountability of the fiduciary for insurance moneys which had found their way into his hands. The Surrogate's Court unquestionably possesses authority *in personam* against its own fiduciaries by reason of the direct grant thereof in subdivision 3 of section 40 of the Surrogate's Court Act, but this does not warrant the assumption of a similar unaccorded authority in respect to third persons. As to them personal obligations must, as heretofore, be enforced in courts of general jurisdiction alone.

It follows that the application to eliminate so much of the discovery proceeding as is specified in paragraph 12 of the petition, must be granted.

Enter order on notice in conformity herewith.