In the Matter of the Estate of ALEXANDER KLEIN, Also Known as ALEX KLEIN, Also Known as ELIHU KLEIN, Deceased.

Surrogate's Court, Kings County, April 11, 1939.

*Harry J. Stein*, for Sarah Klein, petitioner.

*Jesse H. Wisan*, for the administratrix, respondent.

WINGATE, S. In the opinion of the court the learned referee has overlooked the basic theory underlying section 206-a of the Surrogate's Court Act. The history of this enactment was recounted in *Matter of Mathesen* (161 Misc. 367, 369, 370). It was merely a particular codification of the authority which this court had previously asserted and exercised in *Matter of Enright* (149 Misc. 353) of compelling its fiduciaries to do justice to all men in respect to the affairs of their decedents.

In the present case it is amply established, the administratrix has admitted, and the referee has found, that the notes Nos. 47 to 60 belong to the petitioner, having been taken in the name of her son, the decedent, for convenience only. They are now and have continuously been in the possession of the petitioner, but are unenforcible because they are nominally payable to the decedent.

The learned referee deems the court powerless to act in such a situation. The court does not consider the authority accorded it in subdivision 3 of section 40 of the Surrogate's Court Act, as interpreted in *Matter of Raymond v. Davis* (248 N. Y. 67), to be so circumscribed, and for the same reasons advanced for the analogous action in the *Enright* case will direct the administratrix to assign to the petitioner all her right, title and interest in these notes.

The defense of this proceeding by the administratrix was meritless to the point of being vexatious; the petitioner is consequently entitled to costs.

Except as herein modified, the report of the learned referee will be confirmed.

Enter decree on notice in conformity herewith.