In the Matter of the Estate of CHRISTINA F. KENNEY, Deceased.

Surrogate's Court, Kings County, April 28, 1939.

*Bernard Schwartz* [*Horace G. Marks* of counsel], for Florence M. Anderson, petitioner.

*Vito F. Lanza,* for Mary Kenney Walsh, as administratrix, etc., respondent.

WINGATE, S. This is a proceeding, presumably instituted under the supposed authority of section 206-a of the Surrogate's Court Act, to compel the administratrix to deliver to the petitioner three certain savings bank books in her possession standing in the name of the decedent " in trust for " the petitioner.

The basis of the relief as stated in the initiating petition is not entirely clear. In its fourth paragraph it apparently predicates the right to present recovery upon a stipulation between the parties, dated January 4, 1939, which, so far as material, reads, in effect, that the books shall be delivered to the petitioner after they " have been legally released, upon proper proceedings taken, such as estate tax proceedings and otherwise."

The succeeding paragraph of the petition recites demands for the present delivery of the books, despite the fact that the estate tax proceedings have not been had and apparently seeks to avoid the stipulated time limitation in this regard by allegations to the effect that the other assets of the estate will be ample for the solution of all tax obligations accruing by reason of the savings bank transfers.

The answer resists the present grant of the relief prayed in the petition both by reason of the express terms of the stipulation and because of the alleged fact that certain evidence has been uncovered tending to demonstrate that the petitioner is largely indebted to the estate, which indebtedness, if substantiated, might materially diminish or exhaust the interest of the petitioner in the other assets of the estate, thus potentially requiring resort to the savings accounts for solution of the estate tax obligations allocatable thereto.

Upon the hearing it was further developed that the investigations which have been made on behalf of the administratrix indicate the possible existence of at least one claim against the estate which, if substantiated, might considerably exceed the total assets of the estate exclusive of the savings accounts. It may be noted in passing that letters were issued on January 11, 1939, by reason of which fact the time for presentation of claims will not expire until August of this year.

Upon this composite demonstration, the court decided from the bench that the petitioner was not entitled to present delivery of the books sought, but should wait until the affairs of the estate should be sufficiently clarified to permit of reasonable determination, as distinguished from conjecture, that she was entitled to receive them, free and clear of any rights of the estate itself or of possible creditors thereof.

The petitioner has now moved for a new trial of the issues on the assertion that the additional possible claim against the estate in favor of the administratrix in her individual capacity, which was disclosed on the hearing, is probably barred by operation of the applicable Statutes of Limitation. Even were his assumption in this regard to be accepted as true, it would supply no adequate reason for an alteration of the result previously attained.

The purpose of section 206-a of the Surrogate's Court Act was merely to codify the previously asserted and exercised authority of the surrogate (*Matter of Enright*, 149 Misc. 353) to force fiduciaries to " conform to the dictates of equity and good conscience " by compelling them to deliver to their rightful owners specific items of property where it had clearly been demonstrated that they " should be in the possession and within the control of the latter "

and " Further retention would constitute an illegal and unjustifiable act." (*Matter of Mathesen*, 161 Misc. 367, 369; *Matter of Hayes*, 153 id. 234, 235; *Matter of Klein*, 170 id. 859.)

It was never intended that such relief should be accorded where the claimant had not demonstrated his unquestionable and unconditional right to the immediate possession of the specific item of property in question.

In the present instance he has failed to comply with this indispensable condition precedent to immediate relief. The administratrix is primarily a trustee for creditors whose rights take precedence over those of any distributee, not only so far as concerns the assets of the estate naturally in her hands but also with respect of those involved in these savings bank accounts. If it shall be determined that the decedent attempted to erect these so-called " trusts " in defiance of the rights of any of her creditors, it will become not only the right but the duty of the administratrix to take such action as may be requisite to recover their avails for those who are rightfully entitled thereto (Pers. Prop. Law, § 19; *Matter of Weinberg*, 162 Misc. 867, 875, and authorities cited; *Matter of St. John*, 163 id. 17, 24), and it would be a wholly immaterial circumstance that the administratrix herself, as an individual, might be included in this category of creditors.

The court does not hold that any claim against the estate, either actual or potential, is valid nor does it decide the reverse. This is neither the time nor, conceivably, the place for any such evaluation. It does, however, determine that irrespective of whether or not some valid defense may exist against the individual claim of the administratrix, the petitioner has not demonstrated her unquestionable right to the immediate possession of the assets involved in this proceeding since they are legally subject to a lien for the *pro rata* payment of the estate tax and may be required in whole or in part for the solution of the debts of the decedent, the statutory time for presentation of the claims in respect of which will not expire for several months.

The court has refrained from discussing the effect of the stipulation of the parties relative to the time of delivery of the books. This, however, would appear conclusive of the present application in any event. It was therein agreed that the books should be released only " upon proper proceedings taken, such as estate tax proceedings and otherwise." Since, admittedly, such proceedings have not been taken and there is no indication of improper delay in this regard the present proceeding is obviously premature.

The proceeding is accordingly dismissed, with costs, and the motion for a new trial is denied.

Enter decree on notice in conformity herewith.