In the Matter of the Estate of DANIEL J. LEARY, Deceased.

Surrogate's Court, New York County, September 20, 1940.

*Uterhart & Schaffer*, for the petitioner.

*Hartman, Solinger & Craven*, for the executors, respondents.

*John H. Schmid*, special guardian.

DELEHANTY, S. The sole question presented by this motion is one of law. Petitioner demands a jury trial as matter of constitutional right. Respondent-executors deny that such right exists. No question of discretion is involved. Unless a constitutional right of jury trial here exists the motion to vacate the demand for a jury must be granted.

The proceeding is entitled by petitioner as a proceeding " In the matter of discovery proceedings under section 206-a of the Surrogate's Court Act." That is not its true characterization. Discovery proceedings are provided for in sections 205 and 206 of the Surrogate's Court Act and are available only to the estate representative. The discovery process has long been known to the law of estates. Its history, its limitations and its expansion are stated in *Matter of Heinze* (224 N. Y. 1, 5–7). The wholly separate proceeding under section 206-a of the Surrogate's Court Act derives from the equitable power of the court having control over fiduciaries to compel the performance by fiduciaries of such acts as in good conscience they should perform during their administration of an estate.

The precise text of section 206-a first was added to the Surrogate's Court Act by chapter 539 of the Laws of 1934 in effect on September first of that year. However, the statute served only to formulate with precision a procedure theretofore effectively used in the Surrogate's Court to control the conduct of fiduciaries. Prior to the enactment of the statute the court had power in an accounting proceeding to pass on claims adverse to the estate in relation to property claimed to be an asset of the estate. Prior to the enactment of the statute the Surrogate's Court had power " to direct and control the conduct * * * of executors." (Surr. Ct. Act, § 40.) Power to compel a fiduciary to release prcperty in his possession as such though owned by another could be exercised in a special proceeding initiated in advance of an accounting. (*Matter of Enright*, [1933] 149 Misc. 353.)

At the time the existing constitutional provision respecting jury trial was adopted it was standard practice in the Surrogate's Court to conduct proceedings of this sort before the surrogate as a part of his equitable power granted in clear terms by section 40 of the Surrogate's Court Act. (*Matter of Mathesen*, [1936] 161 Misc. 367.) The extent of the power of control of the fiduciary by the court and the equitable aspects of the questicns that arise in determining what decree ought be made in such a proceeding are indicated in *Matter of Kenny* (171 Misc. 87). The cited case develops the equitable character of the proceeding and the identity of the power under it with the power exercised by the surrogate in an accounting proceeding. The order sought normally is one which can be satisfied only by the performance by the fiduciary of an act (*i. e.*, an indorsement or the execution of a release or a delivery) which if refused is enforcible in a contempt proceeding.

With this understanding of the nature of the proceeding itself it is necessary to turn to the provisions of section 2 of the Bill of

Rights to determine whether there is any constitutional grant of a right of jury trial in this type of proceeding. First it should be noted that since 1846 and until the adoption of the existing Constitution in 1938 the text which guaranteed trial by jury said: " The trial by jury, in all cases *in which it has been heretofore used,* shall remain inviolate forever." (Italics supplied.) In our existing Constitution the provision is: " Trial by jury in all cases *in which it has heretofore been guaranteed by constitutional provision* shall remain inviolate forever." (Italics supplied.) The effect of this last quoted text is to continue the constitutional guaranty of jury trial only in the degree that such jury trials were assured prior to the adoption of the 1938 Constitution. Unless, therefore, the state of the law was such as to entitle petitioner here to a jury trial in 1894 there is now no constitutional right to such a trial. (Constitutional Guarantee of Jury Trial in New York, 7 Brooklyn L. Rev. 180.)

The provision for jury trial in the Constitution adopted in 1894 assured jury trials only as that procedure was theretofore used. At that date jury trial in the Surrogate's Court was a thing unknown. Its development has been a matter of slow growth in the court. The brief of petitioner, of course, contains no suggestion that any practice of jury trial in this type of proceeding then existed in the Surrogate's Court. Since the proceeding is an appeal to equity there was no jury trial in *any* court. In a common-law court an *action* for damages for conversion or an *action* in replevin might furnish relief. In the Surrogate's Court only a *proceeding* to obtain a direction to the fiduciary was possible in 1894.

All of the proceedings of this court are special proceedings. (*Matter of Burrows* [*Prime*], 283 N. Y. 540; *Matter of Schoenewerg,* 277 id. 424, 427.) The distinction is a governing one as the cited cases show. The presumption is that no jury trial of a special proceeding in this court is available to the parties unless specially provided by statute. (*Matter of Pardee,* [1933] 239 App. Div. 876; *Matter of Popek,* [1935] 157 Misc. 421, 423; and see *Matter of Beare,* 122 id. 519; affd., 214 App. Div. 723.) The first case just cited denied a jury trial in an application under section 231-a of the Surrogate's Court Act. In the second, a jury trial was denied in an application under section 216 of the Surrogate's Court Act. In each case the petitioner sought a decree directing payment of money only.

The results reached in the cases just cited are supported by the determination of the Court of Appeals in *Matter of Boyle* (242 N. Y. 342). There the court considered generally the operation of section 68 of the Surrogate's Court Act and held that it did not

give any constitutional right to a jury trial in matters concerned with the settlement of an administrator's account even though the claimant against the estate might have gone to a common-law court and have there obtained a jury. On a demand for a jury trial of a claim as of right the surrogate's order directing such trial and the Appellate Division order of affirmance were each reversed in an opinion in which note was made of the limitations upon jury trials as of right in the Surrogate's Court. Note has already been taken that the proceeding under section 206-a of the Surrogate's Court Act is merely a method for advancing the date of hearing of an issue cognizable in an accounting proceeding. It is quite consistent with the decision in *Matter of Boyle (supra)* to find that in *Bradley* v. *Roe* (282 N. Y. 525) the Court of Appeals twice characterized the proceeding under section 206-a as a " summary " proceeding. While in the last cited case the question of jury trial was not before the court the statement of the chief judge of the State indicates his viewpoint respecting the character of the proceeding. If it is truly a summary proceeding as that term is commonly used there is no right to jury trial therein.

In petitioner's brief there is cited *Matter of Blair* (151 Misc. 192). The case does not support petitioner's demand for a jury trial. In it a demand for a jury was made in an answer which set up estate title to a security in respect of which petitioner sought execution by a fiduciary of an instrument of transfer only — a typical instance of an appeal under section 206-a of the Surrogate's Court Act to the equity power of the court. It has long been settled law that one who interposes a counterclaim in an equity action waives his right to trial by jury even if the issue arising on the counterclaim is one in respect of which a jury is demandable. (*DiMenna* v. *Cooper & Evans Co.*, 220 N. Y. 391, 396, 397; *Manhattan Life Ins. Co.* v. *Hammerstein Opera Co.*, 184 App. Div. 440.) On this ground the Appellate Division unanimously repudiated the views of the trial court on the subject and ordered a trial before the court as inspection of the order on remittitur shows. (*Matter of Blair* [*sub nom. Matter of Bryan* v. *Higgins*], 242 App. Div. 689.) So far as the case has any value it is authority against a constitutional right of trial by jury of such an issue.

Trial courts are cautioned not to attempt by judicial decision to expand statutes beyond their text. (*Fosdick* v. *Investors Syndicate*, 266 N. Y. 130, 135, 136; *Fontheim* v. *Third Ave. Ry. Co.*, 281 id. 392.) It would constitute an unwarrantable expansion of the text of sections 68 and 206-a of the Surrogate's Court Act to say that there exists a constitutional right of trial by jury of an issue such as is presented in this proceeding. In the citations of the cases dealing

with jury right in this court note has been made of the respective years in which the decisions were rendered. In most instances apparently the decisions were acquiesced in by the parties in interest since no appeal seems to have been taken. In one case at least (*Matter of Pardee, supra*) an appellate court has spoken. The members of the Constitutional Convention of 1938 had before them this body of decided cases. The Convention legislated in the light of that body of authority. The recommendation made by them to the People of the State was that the constitutional guaranty of jury trial be not expanded but that on the contrary all doubt be removed that parties could waive constitutional right of jury trial except in a limited class of cases. The recommendation of the Convention in this respect was accepted by the People. And so we have evinced a determination by the People not to expand the constitutional guaranty of jury trial but to leave the Legislature free to experiment with legislative programs for trial with or without a jury. In that state of the record this court should and does hold that no constitutional right of trial by jury exists in behalf of petitioner in the present proceeding. Accordingly the motion to strike out the demand for a jury trial as matter of right is granted in all respects.

Submit, on notice, order accordingly.