In the Matter of the Estate of JACOB JACOBS, Deceased.

Surrogate's Court, Kings County, May 29, 1941.

*A. M. Perkus* [*Reginald S. Hardy* and *Edward L. Kelly* of counsel], for the respondent, Israel Misrok.

*Walter H. Pickett,* for the petitioner, Annie Jacobs.

*Samuel Resnicoff,* for the Public National Bank and Trust Company of New York, as executor, etc., respondent.

WINGATE, S. The present motion for reargument indicates a misconception by the respondent Misrok respecting the nature and scope of the remedy contemplated by section 206-a of the Surrogate's Court Act. This is available only where a claimant is entitled to unqualified and immediate possession of identified personal property, or if it has been sold, to the proceeds thereof, wherefore, if it is subject, as is asserted in the present instance, to an unsatisfied

lien, the remedy is unavailable. (*Matter of Kenney*, 171 Misc. 87, 89.)

Perhaps the conception of this respondent on the subject will be clarified by a study of *Matter of Mathesen* (161 Misc. 367) and of Surrogate DELEHANTY's illuminating exposition in *Matter of Leary* (175 Misc. 254; affd., *sub nom. Matter of Werner* v. *Reid*, 260 App. Div. 1000; affd., 285 N. Y. 693).

As noted in the previous memorandum, the widow has instituted such a proceeding, wherefore, to achieve a recovery, the burden rests upon her to demonstrate her title and right to immediate possession of the chattels in question. No burden in this regard rests upon this respondent and nothing in the moving papers has indicated any reason why the usual rule should not be applied that an examination before trial of an adversary will be denied in respect of matters concerning which the burden of proof rests upon the person sought to be examined.

The applicant here seeks to escape from this rule by drawing attention to the fact that his answer not only denied the essential prerequisites to a recovery by the widow, of title and right to immediate possession, but asserted a supposed right to personal recovery of the chattels in question in his own behalf.

Conceivably such a cross-petition might be possible. The present difficulty is that the respondent has not brought himself within the terms of the statute. He has alleged merely that he possesses an equity of redemption in the articles. He does not assert a right to their unconditioned and immediate delivery to him but admits that title to them is rightfully in the possession of the executor as bailee.

This is not the variety of situation in which authority in this connection has been accorded to the surrogate. It was not the purpose of the Legislature in the enactment of the statute nor of the executive committee of the New York Surrogates' Association in recommending its passage, to transform the Surrogate's Court into a general equitable tribunal, but to supply the machinery whereby property in the hands of a fiduciary upon which the estate had no rightful claim and which unquestionably belonged to a third person could expeditiously be delivered to the latter. As is pointed out both in *Matter of Mathesen* and *Matter of Leary* (*supra*), it was merely the codification in statutory form of the authority theretofore exercised by the surrogate (*Matter of Enright*; 149 Misc. 353) of compelling a fiduciary to turn over to a third-party owner property unconditionally belonging to the latter, to and upon which the fiduciary had no legal or equitable right or claim, and

which, in equity and good conscience, should be delivered to the claimant.

The motions for reargument will be granted and upon such reargument, the application for an alteration of the result previously attained will be denied, with costs

Enter order on notice in conformity herewith.