In the Matter of the Accounting of BERT B. KOPPERL et al., as Executors of JULIA KOPPERL, Deceased.

Surrogate's Court, New York County, December 29, 1949.

*Wirth H. Koenig* for Bert B. Kopperl, individually.

*Horstmann & Kozinn* for executors, respondents.

*John B. Loughran* for Tobias Scher.

FRANKENTHALER, S. This is a motion to dismiss objections to the account rendered by the executors. From the pleadings it appears that the deceased, prior to her death, held a bond of the United States Government, registered in the names of herself and her son as co-owners. To satisfy the claim of a creditor of the deceased and to avoid the institution of legal pleadings against her, the son assigned his expectant interest in her estate to the creditor. After her death, the bond referred to was found among her assets and has come into the possession of the executors.

The creditor seeks to recover the bond in this accounting proceeding. His claim, in essence, presents the question whether the original assignment was intended by the parties to include, in addition to ordinary property received by the legatee from her estate, property which the legatee held jointly with the testator but which passed to or vested in him in more complete and absolute ownership as a result of her death. One of the executors has joined in the application to the extent of seeking the court's instruction regarding the proper disposition of the bond, to which the estate itself asserts no claim.

The question as thus formulated arises in a proceeding to account for the decedent's estate. The son, as one of the execu-

tors, has moved to dismiss the objection upon the ground that the said bond forms no part of the estate and that the court therefore has no jurisdiction in this proceeding to determine the issue of ownership as between living claimants. That motion must be denied.

Although the bond in question does not form a part of the estate, it was received by and has come into the possession of the estate representatives. Demands have been made upon them by claimants who assert separate rights to possession of the property.

The objectant is seeking relief similar to that which would be allowable in a reverse discovery proceeding (*Matter of Cunningham,* 61 N. Y. S. 2d 648) and such relief may be allowed herein. Section 206-a, of the Surrogate's Court Act, under which a reverse discovery proceeding is normally instituted, is merely a codification of " the previously asserted and exercised authority of the surrogate (*Matter of Enright,* 149 Misc. 353) to force fiduciaries to ' conform to the dictates of equity and good conscience ' by compelling them to deliver to their rightful owners specific items of property where it had been clearly demonstrated that they ' should be in the possession and within the control of the latter.' " (*Matter of Kenney,* 171 Misc. 87, 88; see *Matter of Mathesen,* 161 Misc. 367.) Such power was exercisable in an accounting proceeding (see *Matter of Leary,* 175 Misc. 254, affd. *sub nom. Matter of Werner* v. *Reid,* 260 App. Div. 1000, affd. 285 N. Y. 693). Since all interested parties are before the court at this time, that power may be exercised herein.

In a proceeding such as this to compel the delivery of property, the court may adjudicate the rights of conflicting claimants to that property, try the question of title and discharge the estate representative from further liability therefor (Surrogate's Ct. Act, § 40; *Matter of Cunningham, supra; Matter of Theiss,* 161 Misc. 533, affd. 249 App. Div. 798; see *Matter of Heim,* 255 App. Div. 1007; cf. *Matter of McLaughlin,* 263 App. Div. 595).

The portion of the motion which seeks a dismissal of the objection for failure to state a cause of action is also denied. The pleading states facts sufficient, if proven, to entitle the claimant to relief. Whether the assignment was intended to comprehend the bond in question is a matter of fact which must be determined upon the hearing.

Submit, on notice, order accordingly.