George Frankenthaler, S.
The evidence establishes that respondent’s intestate received 100 shares of Radio Corporation of America and 100 shares of Brunswick-Balke-Collender Company as an attorney at law representing a client and that the intestate had no title to such securities, never asserted any claim of ownership and merely held such securities as a matter of convenience after the conclusion of litigation through which the securities were derived. It is found that the testator herein was the rightful owner of the securities.
The motion to dismiss the petition as improperly brought pursuant to section 205 of the Surrogate’s Court Act is denied (Matter of Heckscher, 178 Misc. 346). Had a proceeding been brought pursuant to section 206-a of the Surrogate’s Court Act citation of all of the distributees of the respondent’s intestate would have been necessary but section 205 does not impose such a requirement and the court does not consider the fact that distributees have not been served with process in this proceeding as a jurisdictional defect. The representative of *154 an estate may sue or be sued in common-law actions without the joinder as parties of other persons interested in the estate (Decedent Estate Law, §§ 116-120) and it is only because of the unusual provision contained in section 206-a of the Surrogate’s Court Act, that such persons are parties to a proceeding under that statute. It has been said that section 206-a was merely a particular codification of previously asserted authority and that irrespective of the enactment of that statute the power to grant the relief here sought exists by virtue of section' 40 of the Surrogate’s Court Act (Matter of Klein, 170 Misc. 859).
The court also denies the motion to dismiss the petition upon the ground that the petitioner is seeking either to recover a contract debt or to enforce an inter vivos trust (Matter of Patenotre, N. Y. L. J., May 16, 1956, p. 7, col. 2; Matter of Kadar, N. Y. L. J., May 24, 1956, p. 6, col. 6). This proceeding was instituted to recover specific personal property withheld by a respondent who has established no claim of title or any right to withhold the property and upon these facts it would not be possible to find a situation more closely meeting the requirements of section 205 of the Surrogate’s Court Act. A trust relationship between the testator and the deceased attorney existed only by operation of law and by reason of the fiduciary status of the attorney and not because of any express contract between him and the testator. Discovery has been recognized as the proper remedy to recover money or property collected by an attorney for a client (Matter of Ostrow, 162 Misc. 783; Matter of Trevor, 309 N. Y. 389, 392).
The plea of the Statute of Limitations is not a defense to the petition. The intestate attorney at no time asserted a claim to the securities but instead acknowledged the fact that he was holding them for the testator. Following the attorney’s death conferences were had with the representative of his estate which resulted in an agreement dated January 11, 1950 to the effect that the securities would be retained by the representative of the attorney’s estate until the respective rights of the testator and the attorney’s representative to the property had been determined by a court of competent jurisdiction. It was. not until the date of that agreement that it can be said there was any repudiation of an obligation to deliver over the property to the testator and that agreement is not a clear repudiation of an obligation. The earliest date at which an action could be outlawed would be six years after January 11, 1950. This proceeding was instituted in March, 1955. An answer to the petition for discovery was not filed upon the return of the discovery order and the inquiry provided for by the statute was con *155 ducted. An application to compel turnover of the property was made by order to show cause returnable October 19, 1955 and thereafter on January 27, 1956 the respondent filed an answer verified January 20, 1956 asserting for the first time in this proceeding a formal claim of title and an unambiguous repudiation of any obligation to the petitioner or the testator.
Submit decree on notice directing delivery of the securities.