John D. Bennett, S.
The applicant, a beneficiary, has obtained an order to show cause directing the executors to attend an inquiry and be examined respecting any personal property belonging to the deceased, and “ show cause why they, and each of them should not deliver the said property if in their control, or pay the value of the proceeds thereof to the Estate, and why such other and further relief, legal or equitable, should not be granted or may be proper under §§ 40 and 205 and 206A of the Surrogate’s Court Act ”.
The executors seek to dismiss the petition as a matter of law upon the ground that insufficient facts are stated entitling the petitioner to relief.
Although the applicant attempts to proceed under both sections 205 and 206-a of the Surrogate’s Court Act and further under section 40 of the Surrogate’s Court, Act, it is well settled that a proceeding under section 205 must be brought by a representative of the estate, and that in a proceeding under section 206-a the petitioner must lay claim personally to a specific asset.
In Matter of Sturmer (277 App. Div. 503) the court denied the right of a widow to bring a discovery proceeding to determine the ownership of certain bank accounts since she was not a representative, nor did she claim ownership, of specific personal property. The court stated the following (p. 508): “ This proceeding sought to establish the ownership of certain bank accounts and certain United States (Series E) bonds. The proceeding was apparently regarded as one for discovery. There was no authority for the surviving widow to bring this proceeding, either pursuant to section 205 or section 206-a of the Surrogate’s Court Act. She was not a representative of the estate (Surrogate’s Ct. Act, § 205), nor did she claim ownership of specific personal property (Surrogate’s Ct. Act, § 206-a).”
*110 The petitioner cites Matter of Enright (149 Misc. 353) and apparently rests the basis of her application in the equitable power of the court to exercise authority over fiduciaries. As an outgrowth of the decision in Matter of Enright, section 206-a of the Surrogate’s Court Act was enacted (Matter of Mathesen, 161 Misc. 367). However in a later discussion of section 206-a and in Matter of Enright, Surrogate Wingate made this observation in Matter of Kenney (171 Misc. 87, 88):
“ The purpose of section 206-a of the Surrogate’s Court Act was merely to codify the previously asserted and exercised authority of the surrogate (Matter of Enright, 149 Misc. 353) to force fiduciaries to conform to the dictates of equity and good conscience ’ by compelling them to deliver to their rightful owners specific items of property where it had clearly been demonstrated that they ‘ should be in the possession and within the control of the latter ’ and ‘ Further retention would constitute an illegal and unjustifiable act. ’ (Matter of Mathesen, 161 Misc. 367, 369; Matter of Hayes, 153 id. 234, 235; Matter of Klein, 170 id. 859.)
‘ ‘ It was never intended that such relief should be accorded where the claimant had not demonstrated his unquestionable and unconditional right to the immediate possession of the specific item of property in question.”
Since the applicant lays no personal claim or right to immediate possession of the property set forth in the petition, the motion to dismiss is granted.
Settle decree on five days’ notice.