Joseph A. Cox, S.
In this discovery proceeding a question has been raised as to this court’s jurisdiction. A few of the facts are pertinent to the discussion. The proceeding was instituted by the administrator c. t. a. for discovery of certain assets allegedly owned by the decedent at the time of his death. Such assets consist of medical equipment, medical instruments, X-ray machines, furniture and other furnishings which belonged to the decedent, a physician, and were located in his medical offices. The respondent in this proceeding claims title to these assets by virtue of a written document in the nature of a bill of sale dated March 16,1956, three months prior to the testator’s death. The administrator c. t. a. in reply to the claim of title made by the respondent claims that the document relied upon is void, that fraud and undue influence was practiced upon the testator and that the testator was unable, due to his advanced state of debility, to understand the nature and quality of his actions at the time the alleged bill of sale was executed.
The respondent in his memoranda of law urges the position that this court has no jurisdiction due to the law established in a line of cases which pronounce the well-known tenet , that the Surrogate’s Court has no jurisdiction in actions at law for the recovery of common debts or to enforce ordinary contract obligations (Matter of Campbell, 145 Misc. 389; Matter of Sichel, 162 Misc. 2). This court is of the opinion that the facts in the case at bar fail to bring it within the line of cases cited by the respondent.
. In Matter of Akin (248 N. Y. 202, 205) the court stated: “ The express grant of power to the surrogate to hear and determine the issue raised by an answer which ‘ alleges title to or the right to possession of any property involved in the inquiry ’ shows a legislative intent that the surrogate should have jurisdiction to determine title to the property in spite of an assertion of adverse claim of title in an answer.”
In Matter of Lusher (159 Misc. 387) the court summed up and defined the jurisdiction of the Surrogate’s Court in discovery proceedings as follows: ‘ ‘ The line of demarkation between the instances in which the court has jurisdiction and *745 those in which it has not, is wholly unmistakable. If the genesis of the obligation of the respondent was predicated on the possession of an asset, jurisdiction inheres. If it was based merely on a general claim against him, purely in personam, it does not.”
In the case at bar the petitioner is not attempting to enforce an ordinary contract obligation nor is it attempting to collect a common debt. It is instead using the jurisdiction vested in the Surrogate’s Court by the Legislature to seek out, collect and recover personal property which it alleges belonged to the decedent and should be part of his estate. (Surrogate’s Ct. Act, §§ 205, 206; Matter of Trevor, 309 N. T. 389; Matter of Patenotre, 16 Misc 2d 64.)
In accordance with the above decision this matter is set down for further hearing on the 3d day of March, 1959 at 10:30 a.m.