In the Matter of the Estate of ALBERT MITTLEMAN, Deceased.

Surrogate's Court, Nassau County, September 28, 1962.

*Rosenblum & Mittleman* for petitioner. *Cohen, Karp, Rosen & Applebaum* for respondent administratrix.

JOHN D. BENNETT, S. The respondent administratrix has attacked the sufficiency of the petition in this proceeding under section 206-a of the Surrogate's Court Act.

The petition recites that the decedent sold certain corporate stock for the purpose of turning the proceeds thereof over to the petitioner; that he thereafter placed them in a certain bank account but met his death prior to the actual transfer of the funds to the petitioner. No other facts relating to the basic underlying transactions between the decedent and petitioner are given.

A proceeding under section 206-a is basically an advance determination or summary disposition of a claim of a party against an estate in relation to property claimed to be an asset of the estate (*Matter of Leary*, 175 Misc. 254, affd. *sub nom. Matter of Werner* v. *Reid*, 260 App. Div. 1000, affd. 285 N. Y. 693).

However, to entitle a petitioner to such summary remedy, it must be clearly demonstrated that the claimant is unquestionably and unconditionally entitled to immediate possession of the specific item and that in equity and good conscience further

retention by the representative would constitute an illegal and unjustified act (*Matter of Kenney,* 171 Misc. 87).

Since the petition fails to include such allegations and the basic facts upon which the request for relief is predicated, it is totally defective and insufficient and is, accordingly, dismissed, with leave to file an amended or supplementary pleading should the petitioner be so advised.