S. Samuel Di Falco, S.
This is a motion by respondent, Dr. Ernest van den Haag, to dismiss a discovery proceeding upon the ground that this court lacks subject matter jurisdiction and upon the further ground that a complete defense is founded upon documentary evidence.
It is alleged in- the petition that respondent purportedly treated decedent as a "psychotherapist or psychoanalyst” over a period of years and maintained in that capacity a "highly sensitive confidential relationship with the decedent”. It is further alleged that during the period when this confidential relationship existed, funds amounting to approximately $116,-050 were transferred to Dr. van den Haag by decedent. The affidavits submitted in opposition to this motion contain allegations that part of these funds paid to respondent include a *513 "loan” of $25,000 and á "gift” of $30,000, as well as purported "fees” for services rendered.
Respondent admits that he received funds from decedent during this period that he treated her, and that as her psychotherapist he maintained a confidential relationship with her. Respondent seeks to dismiss the petition alleging that one portion of the claim is based on a debt which is not the proper subject of a discovery under SCPA 2103 and that another portion is to recover professional fees paid for services which again is not a proper subject of discovery and that in any event there has been no specific allegation of abuse of the confidential relationship by respondent. Respondent further seeks to dismiss the proceeding upon the ground that decedent executed a letter to respondent on July 18, 1974, two months prior to her death, in which she allegedly stated: "As of today I owe you nothing and you owe nothing to me.”
The Surrogate’s Court has jurisdiction over a discovery proceeding to recover property allegedly obtained from a decedent by fraud and undue influence (Matter of Eisenstadter, 16 Misc 2d 743; Matter of Walker, 177 Misc 991; Matter of Gallagher, 137 Mise 564; 3 Warren’s Heaton, Surrogates’ Courts, § 234, par 2). In Matter of Gallagher (supra) the executors instituted a discovery proceeding to secure the return of the sum of $2,000 in the possession of respondent Albrecht. That respondent claimed that decedent paid her the $2,000 for past board and care and upon the further agreement by Mrs. Albrecht that she would board and care for decedent as long as she lived. The decedent in that case was very old, infirm, and it also appeared that she relied upon others for maintenance and advice. The court stated (p 568) that decedent "being aged and ill, and under the respondent’s care, it is plain that they did not deal on terms of equality, and under these circumstances, where a stronger party has obtained a large part of decedent’s property, the transaction may be presumed void.” The court went on in that discovery proceeding to hold respondent liable to the estate for the $2,000.
While the issue of jurisdiction was not directly raised in Gallagher, it was considered in Matter of Walker (177 Misc 991, supra) a case also involving fraud and undue influence. In Walker, the Public Administrator instituted a discovery proceeding against decedent’s physician Railey, on the theory that respondent abused his confidential relationship to de *514 ceased in order to obtain two thirds of her entire fortune. Surrogate Delehanty denied respondent’s motion to dismiss the proceeding for lack of jurisdiction and held that funds so misappropriated by the dominant party may be recovered in a discovery proceeding. After a hearing the court found in that case that by gross abuse of his position as physician to deceased, and by gross misrepresentation to deceased respecting his ability to cure her ills, respondent Railey obtained complete physical control over decedent and obtained for himself and his wife the greater part of decedent’s property. The court further considered the services rendered by respondent and found that all medical services were paid for in cash, but that all other withdrawals of deceased’s funds were appropriations for which no medical services were rendered.
In the case at bar the fact that part of the funds sought to be recovered from respondent are said to have been a "loan” made to respondent does not compel the conclusion that this court lacks jurisdiction. The question of recovery of these funds is tied to the overall issue of undue influence and the proceeding is not strictly one to recover a debt (cf. Matter of Hall, 54 Misc 2d 923). Moreover, the court recognizes that "The historical limitations of discovery proceedings have ebbed in many respects”. (Matter of Goldstein, 79 Misc 2d 4, 5; see, also, Matter of Young, 80 Misc 2d 937; Matter of Zalaznick, 84 Misc 2d 715.) The further fact that consideration of the services rendered by respondent may be necessary does not negate this court’s jurisdiction (Matter of Walker, 177 Misc 991, supra).
Respondent’s assertion that petitioners have failed to adequately plead fraud or abuse of the confidential relationship is without merit.
In Jered Contr. Corp. v New York City Tr. Auth. (22 NY2d 187) plaintiff, a painting contractor, instituted an action to recover for services on the basis of quantum meruit. The defendant Transit Authority interposed an affirmative defense that the contract with plaintiff had been obtained by fraudulent and collusive bidding. Plaintiff contended that this defense was insufficient since it was based upon mere suspicion. The Court of Appeals, after noting the requirements of CPLR 3016, disagreed and stated (p 194): "Under the facts of this case, we do not find this argument persuasive. It is almost impossible to state in detail the circumstances constituting a fraud where those circumstances are peculiarly within the *515 knowledge of the party against whom the defense is being asserted.” This reasoning is equally applicable in this case in light of the allegations made as to the special relationship involved herein; the decedent’s alleged dependency upon respondent and her being susceptible to his influence and the fact of the transfer of substantial sums of money to respondent during this relationship. These allegations together with the further averment that respondent had sent decedent to an attorney to have a will drawn bequeathing to him one half of her estate, imply an allegation of an abuse of the confidential relationship. The allegation of these facts entitle the executors to their day in court. (Cf. Matter of Satterlee, 281 App Div 251.)
The remaining part of the motion to dismiss which is based upon the contention that a letter purportedly written by decedent constitutes a complete defense to the proceeding cannot be decided upon papers. A hearing is required. The validity of this writing is also dependent upon the question of whether deception or undue influence was used upon decedent. "Fraud vitiates all contracts” (Matter of Gallagher, 137 Mise 564, 567, supra). A hearing is necessary to determine whether this transaction was fair, open, voluntary and well understood.
The motion is accordingly denied.