# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1325**
**CA 14-00950**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

IN THE MATTER OF THE ESTATE OF PAUL S.
VIRGINIA, DECEASED.
----------------------------------------
WESTERN NEW YORK CHECK SERVICES LLC,
PETITIONER-APPELLANT,
AND PAULETTE GORDON, PETITIONER;

THE ESTATE OF PAUL S. VIRGINIA, THOMAS
VIRGINIA, JR., AND MARIANA G. VIRGINIA,
RESPONDENTS-RESPONDENTS.

MEMORANDUM AND ORDER

HARTER SECREST & EMERY LLP, BUFFALO (RAYMOND L. FINK OF COUNSEL), FOR
PETITIONER-APPELLANT.

JASON R. DIPASQUALE, BUFFALO, FOR RESPONDENTS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------

Appeal from an order and decree of the Surrogate's Court, Erie
County (Barbara Howe, S.), entered March 4, 2014. The order and
decree dismissed without prejudice the petition to, inter alia,
transfer to petitioners the membership interest of decedent in
petitioner Western New York Check Services LLC.

It is hereby ORDERED that the order and decree so appealed from
is unanimously affirmed without costs.

Memorandum: Petitioners commenced this proceeding seeking, inter
alia, an order pursuant to SCPA 2105 directing respondents to transfer
to petitioners decedent's membership interest in petitioner Western
New York Check Services LLC. Surrogate's Court properly dismissed the
petition on the ground that petitioners failed to demonstrate that
they are "unquestionably and unconditionally entitled to [the]
immediate" transfer of decedent's membership interest (*Matter of
Mittleman*, 35 Misc 2d 848, 848; *see Matter of Yaremo*, 2013 NY Slip Op
30717[U], *3 [Sur Ct, Nassau County 2013]). Inasmuch as petitioners
are not entitled to relief under SCPA 2105, there was no need for the
Surrogate to consider the contentions concerning the requirements of
Banking Law article 9-A.

Entered: January 2, 2015

Frances E. Cafarell
Clerk of the Court