BERNARD MECHLER et al., Respondents, *v.* FRANK
DEHN et al., Appellants.

*Real property — title — ejectment — where common grantor conveys part
of parcel of land by metes and bounds, he can thereafter convey to another
only what is left notwithstanding reference in both deeds to a map
which showed a greater quantity of land remaining after the first grant
than there actually was.*

*Mechler* v. *Dehn,* 203 App. Div. 128, affirmed.

(Submitted May 7, 1923; decided May 29, 1923.)

APPEAL from a judgment, entered November 27, 1922,
upon an order of the Appellate Division of the Supreme
Court in the second judicial department, reversing
a judgment in favor of defendants entered upon a dis-
missal of the complaint by the court at a Trial Term
without a jury. The action was in ejectment and involved
title to a strip of land in Middle Village, Queens county.
Both plaintiffs and defendants derive title from a common
source. Their original grantor divided a plat of land
into lots and made and filed a map showing certain
lots fronting on Williamsburg and Jamaica Turnpike
road. The lot on the corner of Morton avenue extended
along Morton avenue one hundred and eleven feet
three inches. The balance of the block fronting on
Morton avenue was divided into four lots purporting
to be twenty-five feet front. Plaintiffs' predecessor in
title purchased the corner lot and the one next adjoining
facing the Williamsburg and Jamaica Turnpike road.
The boundary line was described as extending southerly
one hundred and eleven feet three inches along the
westerly line of Morton avenue. Subsequently the lots
on Morton avenue were conveyed by metes and bounds
as described on the map and defendants have become
owners of the lot immediately in rear of plaintiffs' premises.
It appeared that the block fronting on Morton avenue
is five feet and seven-eighths of an inch short of the
distance shown on the map and the question was whether
that amount should be taken from plaintiffs' or defendants'
land. The Appellate Division held that the original
grantor having conveyed to plaintiffs' predecessor in

title one hundred and eleven feet three inches on Morton avenue could convey to defendants' predecessor only what was left and that plaintiffs were, therefore, entitled to the strip in dispute.

*Leonard. J. Langbein* for appellants.

*Joseph Danziger* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Hogan, Cardozo, Pound, McLaughlin, Crane and Andrews, JJ.

---

Amos H. Andrews et al., Respondents, *v.* Equitable Fire and Marine. Insurance Company of Providence, Rhode Island, et al., Appellants.

*Insurance (fire) — transfer of property — notice to agent by telephone — failure to issue or attach to policy rider showing transfer until after occurrence of fire.*

*Andrews* v. *Equitable F. & M. Ins. Co. of Providence, R. I.,* 202 App. Div. 858, affirmed.

(Argued May 8, 1923; decided May 29, 1923.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 17, 1922, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict. The action was to recover upon a policy of fire insurance. The policy in question dated May 28, 1917, effective for three years, was issued to Paul Perrault by Herman D. Walters, defendants' local soliciting agent. By a deed executed March 25 or 26, 1919, and recorded March 29, 1919, Paul Perrault, the insured, conveyed the insured premises to Amos H. Andrews and Rosa C. Andrews. It was testified that while Mr. Perrault and Mr. Andrews were in the office of John A. Brown, Mr. Brown called Mr. Walters on the telephone and informed him that the transfer had been made and asked him to make an indorsement showing the transfer. No rider showing the transfer was issued or attached to the policy until nearly a year thereafter and after a fire had occurred. damaging the premises.