IRVING FEIN, Respondent, v. EASTERN PARKWAY, BROWNSVILLE & EAST NEW YORK TRANSIT RELIEF ASSOCIATION, INC., Appellant.— Order granting plaintiff's motion to open default, vacate judgment and restore case to Trial Term calendar reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, without prejudice to renewal upon papers showing merits. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

FLUSHING MANOR, INC., Respondent, v. AUGUSTA SCHEIMAN, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ.

HENRY A. GUBNER and MABEL C. GUBNER, Suing for the Benefit of DAVIS REALTY & CONSTRUCTION CO., INC., Appellants, v. LESTER H. PILLION and Others, Respondents.— Order denying plaintiffs' motion to strike out the first separate defense reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to serve an amended answer within ten days from service of a copy of the order herein. The action is brought pursuant to the provisions of section 994 of the Civil Practice Act.█ The allegations of the complaint place Davis Realty & Construction Co., Inc., in the same position as the Gubners would have been if no deed had passed from the Gubners to Davis Realty & Construction Co., Inc. (Dever v. Hagerty, 169 N. Y. 481.) As against this suit for ejectment there might be a properly pleaded defense of title by adverse possession in which all the facts upon which such title by adverse possession is predicated should be set forth. No such facts are presented in this defense. Facts showing the deed from the Gubners to Davis Realty & Construction Co., Inc., to be void are not sufficient for that purpose. Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ., concur.

HENRY A. GUBNER and MABEL C. GUBNER, Suing for the Benefit of DAVIS REALTY & CONSTRUCTION CO., INC., Appellants, v. MARY G. WAFER and Others, Respondents.— Order denying plaintiffs' motion to strike out the fifth separate defense reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to serve an amended answer within ten days from service of a copy of the order herein. The defense of estoppel is insufficient in that there is no allegation that defendants made the improvements in ignorance of the fact that Davis Realty & Construction Co., Inc., or its predecessors claimed title to the property, and no allegation that Davis Realty & Construction Co., Inc., or its predecessors knew that defendants were making improvements. Lazansky, P. J., Kapper, Scudder and Tompkins, JJ., concur; Hagarty, J., dissents.

ELMER S. HADER and BERTA H. HADER, Appellants, v. ERIE RAILROAD COMPANY, Respondent.— Order denying motion to strike out certain parts of defendant's answer affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.