WILLIAM TEESE and CATHERINE A. TEESE, Respondents, v. JUANITA MARIE SIEVERTS POLSLEY, WILLIAM JOSCHER and JACOB SIEVERTS, Appellants.— The plaintiffs and defendant Polsley owned adjacent lots shown on a map of Jamaica creek, No. 2, fourth ward, borough of Queens, filed in Queens county, July 18, 1910. The plaintiffs owned lots 81 and 82, and defendant Polsley lot 80. Title was acquired by their predecessors in 1914 and 1916. There were no monuments or other indications of boundaries of the lots, but they were conveyed by lot number only, without metes and bounds. Buildings seem to have been erected on these lots as early as 1916; and later some additional buildings were erected by the plaintiffs following the same line. The buildings of both parties were practically in contact with each other. In 1936 the plaintiffs brought an action for ejectment, claiming that the building of defendant Polsley encroached upon the line of plaintiffs to the extent of four feet at the base in the rear on Jamaica creek. The plaintiffs presented a survey and map, but it had little, if any, probative value, for there were no accurate monuments upon which to base the survey. The map on its face did not claim to be entirely accurate. It made the lines of the lots run at an angle from the lines of the buildings, not only on this lot, but on the next adjacent lot, and indicated that the plaintiffs' building encroached on lot 79. The defendant and her predecessors in title occupied and claimed title to this gore of land by means of this building for twenty years (*Belotti* v. *Bickhardt*, 228 N. Y. 296); and there had been a practical location of the boundary between the two properties for that length of time. (*Reed* v. *Farr*, 35 N. Y. 113; *Jones* v. *Smith*, 64 id. 180; *Sherman* v. *Kane*, 86 id. 57, and *Katz* v. *Kaiser*, 154 id. 294.) Judgment reversed on the law and the facts, with costs, and the complaint dismissed, with costs. Findings 1, 3, 4, 5 and 6 are reversed and the conclusions of law disapproved. This court finds that the plaintiffs did not establish title to this triangular gore; that defendant Polsley and her predecessors in title have been in continuous, open, exclusive and undisputed possession under claim of right for twenty years and had title to the property; and that there has been a practical location of the boundary acquiesced in by the parties for the same period. Lazansky, P. J., Davis, Johnston, Taylor and Close, JJ., concur.