In the Matter of the Estate of VIRGINIA H. C. HECKSCHER, Deceased.

Surrogate's Court, New York County, February 18, 1942.

*George F. Thompson,* for the petitioner.

*Bleakley, Platt & Walker* and *Julius Weiss,* for the executors, etc., of August Heckscher, respondents.

DELEHANTY, S. The estate of deceased is being administered in this court. The estate of August Heckscher, the former husband of deceased, is also being administered in this court. The executor of Virginia H. C. Heckscher filed with this court a petition which is labeled " Petition for Discovery " and obtained an order for an inquiry which asks that the executors of August Heckscher attend and be examined " according to the prayer of said petitioner." The order further asks that direction be given to the representatives of August Heckscher to deliver over property claimed by the estate of deceased.

On the return day of the order the representatives of August Heckscher attended and moved to dismiss the proceeding on the ground that a proceeding under section 205 of the Surrogate's Court Act is not maintainable against the representatives of another estate and on the further ground that a proceeding against the representatives of an estate is maintainable only under section 206-a of the Surrogate's Court Act and only if the persons interested in such estate who might be affected by the decree are made parties to the proceeding. In support of this motion to dismiss the cases of *Bradley* v. *Roe* (282 N. Y. 525) and *Matter of Hilliard* (172 Misc. 273) are cited. The *Bradley* case is not in point. There the court was dealing with an asserted conversion by an estate representative and held that plaintiff had an adequate remedy under section 206-a of the Surrogate's Court Act. In *Matter of Hilliard* the court notes the difference in the requirements for proceedings under section, 205 and 206-a of the Surrogate's Court Act but does not make any determination which is here decisive.

It seems indisputable that the representatives of one estate may compel the representatives of another to attend on the inquiry and to disclose what the papers of the second estate show in respect of the rights of the first estate. It seems also clear that if the inquisitorial phase of the proceeding is enforcible against the representatives of a second estate the proceeding itself cannot be dismissed on such a motion as this which is addressed solely to the sufficiency of the papers upon which the order was granted. It may be that in respect of the conflicting claims of estates the provisions of section 205 overlap those of 206-a but that is not a reason for dismissing the proceeding under section 205. When and if an answer is interposed which makes necessary the bringing in of additional parties because the respondent in the proceeding under section 205 happens to be the representative of an estate, the court is empowered to bring in the additional parties. It can then proceed to a final determination.

Accordingly the motion to dismiss the proceeding is denied and an answer is directed to be filed by respondents on or before February 21, 1942. In default of such answer the respondents are directed to attend for examination under the order on the 26th day of February, 1942 at ten o'clock A. M.

The motion has been disposed of on an assumption that the order heretofore made directing the attendance of the representatives of August Heckscher's estate is limited to a discovery process. In fact it is not so limited. It follows the prayer of the petition which in turn is sufficiently broad to invoke the general power of the court under section 40 of the Surrogate's Court Act. That section gives unqualified authority to the court to control generally the representatives of estates which are in the jurisdiction of the court. When and if the answer is filed it may disclose the need for additional parties. If it does, appropriate direction to bring them in will be made. If it does not, the court will proceed to make such eventual order as the facts developed will disclose to be appropriate.

Submit, on notice, order accordingly.