George Frankenthaler, S.
The public administrator instituted this discovery proceeding to compel the John Hancock Mutual Life Insurance Company to deliver the proceeds of decedent’s life insurance policy to his estate. Respondent first sought to dismiss the petition on the ground that the designated beneficiary of the “ group insurance certificate ” had not been made a party. Assuming that the necessary joinder could be effected (see Surrogate’s Ct. Act, § 205; Civ. Prac. Act, § 286, subd. 2), respondent’s second contention, that this court lacks jurisdiction of the subject matter, requires consideration. "
Jurisdiction of the subject matter in discovery proceedings turns on the character of the claimed asset. In the words of the Court of Appeals in Matter of Trevor, “ The purpose of such a proceeding in the Surrogate’s Court is to obtain the possession of specific personal property or money which belongs to the estate ” (309 N. Y. 389, 392). “ Specific” personalty is contrasted with choses in action such as claims based on debts or contracts to which the jurisdiction does not extend. (See Matter of Patenotre, N. Y. L. J., May 16, 1956, p. 7, col. 2.) Matter of Trevor decided that the discovery jurisdiction did not extend to an administrators’s application to compel a bank to pay the proceeds of decedent’s savings account into his estate because the relation between a bank and its depositor is that of debtor and creditor. The court classified the proceeds of the account not as property which belonged to the decedent but as a debt from the bank to the depositor like any other debt arising on a contract. A recent statutory amendment has since expanded the discovery jurisdiction to cover proceeds of bank accounts (L. 1956, ch. 270; Surrogate’s Ct. Act, § 205), without otherwise weakening the rule that discovery does not lie to recover on debts and contract claims.
*801 Any claim to the proceeds of an insurance policy is fundamentally based on the insurance contract (Rosenberg v. Rosenberg, 259 N. Y. 338; see 1 Richards on Insurance [5th ed.], § 103 et seq.) and bears less resemblance to a claim for “ specific personal property or money * * * or the value of the proceeds thereof,” (Matter of Trevor, supra, p. 292) than did the claim to the proceeds of a bank account which Trevor declined to regard as such. Applying the test propounded by Surrogate Wingate in Matter of Lusher (159 Misc. 387, 389) and adopted by the court in Matter of Trevor, the genesis of the insurer’s obligation is not predicated on possession of an asset, in which case jurisdiction would inhere, but rests merely on a general claim purely in personam, over which there is no jurisdiction (Matter of Jastrzewski, 252 App. Div. 384; 3 Warren’s Heaton on Surrogates’ Courts, § 235, par. 4 [c]).
Petitioner points to the following language in the Trevor opinion as conclusive authority to sustain his position that this proceeding is within the Surrogate’s jurisdiction: £ £ Thus property concerning which discovery has been held a proper remedy for recovery includes, among others, shares of stock, insurance policy proceeds ” (p. 392). This court is not persuaded that the Court of Appeals intended to indicate by way of this illustration that discovery was available to recover from the company the sum due under an insurance policy, in view of its unqualified holding that a petition for decedent’s bank deposits was outside the ££ purview of the statute authorizing in rem discovery proceedings.” (Matter of Trevor, supra, p. 393.) In one of the cases which the court cited, a discovery proceeding was used to compel the turnover of insurance proceeds by the individual to whom the insurer had paid them (Matter of Reilly, 111 Misc. 66). The subject of that proceeding, unlike the facts in the case at hand, was the specific identifiable fund which had been turned over by the company and not the respondent’s contractual obligation. The rationale of the Trevor opinion sustains respondent’s argument that the discovery jurisdiction does not extend to petitioner’s attempt in the present proceeding to secure payment by the insurance company pursuant to the terms of its policy. (Cf. 4 Jessup-Redfield on Surrogates’ Law and Practice, §§ 3058, 3057).
Submit order on notice accordingly dismissing this proceeding for lack of jurisdiction.