S. Samuel Di Falco, S.
The administrator c. t. a. of Marcus Goldfarb instituted a proceeding under section 205 of the Surrogate’s Court Act, to discover property of his testator allegedly withheld by the executor under the will of Anna Goldfarb, deceased wife of Marcus. The petition alleges that Marcus Goldfarb suffered a stroke on May 1, 1950, as a result of which he became totally incompetent to manage his affairs. When he became incapacitated, he had assets described in the petition, which aggregated in value more than $1,000,000. He remained, it is alleged, totally without mental capacity, memory or comprehension down to the date of his death on December 18, 1958. The petitioner charges that certain or all of the property described by him, or its proceeds or value, are in the possession of the respondent executor who withholds all of such property from the petitioner. The respondent’s testatrix died on March 11, 1958, nine months before her husband. The petition ends with the usual prayer for relief in such proceedings, namely, an examination of the respondent and a direction by the court for delivery of all of such property to the petitioner.
Upon the return of the discovery order, the respondent executor moved for dismissal of the petition upon the following grounds: (1) there is another proceeding pending before this court between the same parties for the very same relief; (2) there is no need for an examination because in a proceeding in the Supreme Court in which the petitioner then appeared as committee of Marcus Goldfarb, the respondent executor was examined at great length concerning the same items of property; (3) there is no necessity for a discovery proceeding in view of the pending accounting; (4) proceedings cannot be maintained under section 205 against an executor under the will of a deceased person; as to such respondent the provisions of section 206-a are exclusively applicable.
*978 To make available the plea that there is another action pending for the same relief, ‘1 the other action must be one in which the present plaintiff is the plaintiff and the present defendant is the defendant. ‘ If the party who interposes such defence is a plaintiff in such other action it is no defence although for the same cause.’” (Westminster Church v. Presbytery of New York, 211 N. Y. 214, 220.) In the accounting proceeding the present respondent is the petitioner and the present petitioner is cited as a respondent. The account concedes that the present petitioner had not filed any formal claim, but it admits the accounting party’s knowledge of the existence of a claim and reports that it deems that claim filed and rejected. In such circumstances, the present petitioner cannot be likened to one who has filed a counterclaim in the other proceeding, thereby making him in effect a petitioner therein. (Of. Cornell v. Bonsall, 176 App. Div. 798.) He is petitioner in this proceeding and has been cited as respondent in the other. The plea of another action pending is not therefore available to the respondent executor. Moreover, the statute governing the prosecution and trial of claims permits a claimant to institute a separate action on his claim within three months from the notice of rejection of the claim (Surrogate’s Ct. Act, § 211), despite the fact that the filing of his claim is deemed the equivalent of the institution of a proceeding thereon (Matter of Guy, 275 App. Div. 143, 145). The present papers do not indicate that such independent proceeding is barred by the lapse of time.
The argument that section 205 of the Surrogate’s Court Act cannot be used as a basis for a proceeding againsf another estate has heretofore been overruled by this court. In refusing to grant a similar motion to dismiss the petition, Surrogate Delehanty said: “ It seems indisputable that the representatives of one estate may compel the representatives of another to attend on the inquiry and to disclose what the papers of the second estate show in respect of the rights of the first estate. It seems also clear that if the inquisitorial phase of the proceeding is enforcible against the representatives of a second estate the proceeding itself cannot be dismissed on such a motion as this which is addressed solely to the sufficiency of the papers upon which the order was granted. It may be that in respect of the conflicting claims of estates the provisions of section 205 overlap those of 206-a but that is not a reason for dismissing the proceeding under section 205. When and if an answer is interposed which makes necessary the bringing in of additional parties because the respondent in the proceeding under section 205 happens to be the representative of an estate, the court is *979 empowered to bring in the additional parties. It can then proceed to a final determination.” (Matter of Hechscher, 178 Misc. 346, 348.) This court concurs in that interpretation of the statute and the ruling therein made.
The demand for an inquiry and examination cannot be met by the respondent’s assertion that in the opinion of its counsel, petitioner already has had a complete and satisfactory examination. Petitioner is entitled to an inquiry under the terms of sections 205 and 206. Counsel should be able to arrange any further examination on a professional basis, without unnecessary waste of time or funds.
The final ground for dismissal of the petition appears to be that there are no “reasonable grounds for inquiry” (Surrogate’s Ct. Act, § 205) and that a complete statement of all relevant facts in the petition would have revealed to the court that there were in fact no reasonable grounds for the inquiry. The court is satisfied on the present record that there are reasonable grounds for instituting the proceeding.
The motion to dismiss the petition is denied. The time for respondent to file an answer is extended eight days from the date of the publication of this decision. The order to be entered herein will direct the respondent thereafter to appear for examination within the limitations that are prescribed in section 206 of the Surrogate’s Court Act. If the pleadings indicate the necessity of obtaining jurisdiction over other persons, the court will give such directions as are necessary in the light of subsequent developments.
Submit order on notice accordingly.