Joseph A. Cox, S.
The respondents in a proceeding under section 206-a of the Surrogate’s Court Act move to dismiss the proceeding on the ground that there are already two pending proceedings wherein the questions presented for decision are identical with those here presented. The petitioner opposes the motion. The fundamental question which is sought to be raised in all of these proceedings is whether certain stocks, bonds and bank accounts belong to the estate of Marcus Goldfarb (of which the petitioner is the administrator c. t. a.) or to the estate of Anna D. Goldfarb, who was the wife of Marcus. In order to understand the present motion, a review of the other proceedings will be helpful.
On January 19, 1959 the executor under the wife’s will filed an intermediate account of its proceedings. The accounting executor reports, among the ‘ ‘ claims which have come to the knowledge of [the] accountant ”, one which it has been informed will be prosecuted by the estate of the husband for the recovery of moneys and other property aggregating $953,894.48. In schedule D-3, the claim “is deemed and is rejected upon the ground that the claim is contrary to the facts and is. without merit. [The accounting executor] has been informed and verily believes that the moneys and properties claimed by [the admin *775 istrator c. t. a. of Marcus Goldfarb] were at all times the property of Anna D. G-oldfarb, deceased, and said assets are being accounted for in this intermediate accounting.” (Emphasis added.) No formal claim appears to have been filed by the administrator c. t. a. of the husband with the executor under the wife’s will, at least up to the time of the accounting. The petition of the accounting executor also refers to the claim of the husband’s estate. It expresses the belief that the husband’s estate will commence an action or proceeding against the wife’s estate to recover the property. It requests the court, in connection with the judicial settlement of the account, to determine ' the validity of the claim.
The administrator c. t. a. of the husband’s assets filed an answer and objections in the accounting proceeding. The filing of these pleadings is not next chronologically in this series of steps, but the pleadings should be discussed in connection with the account to which they relate. The answer contains numerous denials and sets up five affirmative defenses. In general, the defenses challenge the right of the executor to compel the administrator c. t. a. to litigate in the accounting a claim formulated by the accounting executor rather than by the claimant. The objections reiterate the defenses. Objections 6th to 33rd, inclusive, are directed to schedule A of the account. They deny ownership by Anna D. Goldfarb of enumerated items of property, allege ownership in Marcus Goldfarb and challenge the valuations set forth in the account. The remainder of the 64 objections challenge other schedules of the account, including the schedule which purports to set forth the objectant’s claim.
At this point it is apparent that no one reading the pleadings in the accounting could frame the issues for trial. No one could be sure of the extent of the claim, its basis or the nature of the claims or defenses to be interposed by the accounting executor. That is not to say that such issues cannot be formulated with clarity in an accounting but merely that they will not be formulated with precision and clarity when neither party is prepared to do it.
On January 28,1959 the administrator c. t. a. of the husband’s estate obtained a discovery order against the executor under the wife’s will. The executor claims that the items of property are substantially the same as those referred to in its account but the value in the discovery petition is stated to be in excess of $1,000,000. The respondent executor moved to dismiss the discovery petition on several grounds, one of which was that “ [proceedings under section 205 of the Surrogate’s Court Act may not properly be maintained against an, executor or *776 administrator as to whom the provisions of section 206-a of the Surrogate’s Court Act are applicable.” The motion to dismiss the discovery petition was argued before Mr. Surrogate Di Falco. Prior to any decision on that motion, the administrator c. t. «.'presented a petition under section 206-a. Citation in that proceeding was'served upon the executor and, in accordance with the requirements of section 206-a, upon all persons “ interested in the estate and in the specific property, whose rights or interests would be affected by the decree.”
In his decision denying the motion to dismiss the discovery petition, Surrogate Di Falco adverted to the argument that, section 206-a, not section 205, is the applicable and governing statute when an estate is the party respondent. (Matter of Goldfarb, 17 Misc 2d 976, 978.) In that decision, he cited with approval the ruling of former Surrogate DelehaNty : “It may be that in respect of the conflicting claims of estates the provisions of section 205 overlap those of 206-a but that is not a reason for dismissing the proceeding under section 205. When and if an answer is interposed which makes necessary the bringing in of additional parties because the respondent in the proceeding under section 205 happens to be the representative of an estate, the court is empowered to bring in the additional parties. It can then proceed to a final determination.” (See Matter of Heckscher, 178 Misc, 346, 348.) Surrogate Di Falco granted time to the respondent to file its answer and said that if (p. 979) “the pleadings indicate the necessity of obtaining jurisdiction over other persons, the court will give such directions as are necessary in the light of subsequent developments.” As stated hereinabove, the petitioner took steps prior to that decision to institute a proceeding under section 206-a, citing all necessary parties. He does not seek to bring the same parties into the discovery proceeding, and, as the court understands the argument, he does not intend to bring them into the discovery. The court understands also that no party disputes the fact that one and the same body of property is the subject matter of the section 205 proceeding and the section 206-a proceeding. Undoubtedly the same body of property is intended to be included within the scope of the rejected but unfiled claim in the accounting.
An answer was duly filed in the discovery proceeding. Contrary to the statement in the accounting that the items of property in dispute “were at all times the property of Anna D. G-oldfarb, deceased ”, the answer in discovery claims that some of the items were owned by Marcus and transferred to Anna by gift inter vivos, some others by gift or sale, and that some items *777 were not derived from Marcus at all. No reply lias been filed in that proceeding, but it is clear from the argument that in respect of the property claimed by gift or sale, the petitioner will plead lack of mental capacity to make a transfer.
Although the petition under section 206-a embraces the same body of property as the discovery petition and the values ascribed to the property are identical, an important difference between the two proceedings is that in the section 206-a proceeding, all interested persons are parties respondent, while in the discovery only the executor was served with process. The respondent executor can hardly complain of the institution of the section 206-a proceeding because in its motion to dismiss the discovery, and in the seventh affirmative defense in the answer thereafter submitted, it insists that the failure to proceed in accordance with the requirements of section 206-a, makes the discovery proceeding fatally defective. Presumably it will carry that argument of lack of jurisdiction to the very end of this litigation. The legatees under the wife’s will have never been made parties to the discovery proceeding, and hence they cannot fairly complain of the pendency of the discovery proceeding.
This somewhat extended recital of the proceedings should make it at once apparent that the orderly and expeditious disposition of the dispute between these two estates can be most readily effected in the proceeding where the issues are contained within their narrowest range and where they are formulated with greatest clarity. While. the discovery proceeding would satisfy these requirements, there are objections to jurisdiction, both of the parties and of some of the subject matter, and under such circumstances the petitioner may not be willing to undertake such steps as might seem indicated in order to render the final decree immune from jurisdictional challenge. The proceeding which is now under attack, has all parties before the court and requires only the filing of further pleadings to formulate the issues for decision. The issues are presented succinctly and clearly. On the other hand, in the accounting, proceeding, the issues are still in an amorphous state.
The motion to dismiss the section 206-a proceeding on the ground that the claim must be tried in the pending accounting proceeding is denied for the reasons státed by Mr.; Surrogate Di Falco (Matter of Goldfarb, 17 Misc 2d 976, supra) and for the further reasons stated herein. Insofar - as thé motion to dismiss is predicated upon the pendency of the discovery proceeding, it is likewise denied. There are several 'parties respondent in the present proceeding and only one in the dis *778 covery proceeding. Hence the pendency of the latter is not a bar to the former. (Mechler v. Dehn, 203 App. Div. 128, affd. 236 N. Y. 572; Brown v. Lo Grasso, 203 App. Div. 50, 51; Dresdner v. Goldman Sachs Trading Corp., 240 App. Div. 242; 2 Carmody-Wait, New York Practice, p. 153.) Insofar as the motion to dismiss is addressed to the discretion of the court, it is denied.
The petitioner in the two proceedings has made a counter motion to consolidate the discovery proceeding with the proceeding under section 206-a.
The differences between a discovery proceeding and one instituted under section 206-a are somewhat deeper than merely the status and the number of parties respondent. The history of the discovery proceeding has been recounted in the decisions of the Court of Appeals (Matter of Heinze, 224 N. Y. 1, 5, 6; Matter of Akin, 248 N. Y. 202, 205, 206; Matter of Wilson, 252 N. Y. 155, 157). The history is one of ever broadening of the Surrogate’s jurisdiction, and it continues in the more recent legislative enactments (L. 1947, ch. 495; L. 1956, ch. 270). However, the discovery proceeding is one of the few proceedings where the Surrogate’s Court is empowered to bring in strangers to the estate, without their consent, and to adjudicate title to property not yet in the hands of the fiduciary. The power and authority of the Surrogate, therefore, are not without limits. (See Matter of Trevor, 309 N. Y. 389; Matter of Balthazar, 4 Misc 2d 800.) The answer of the respondent executor in the discovery proceeding has already challenged the authority of the Surrogate in respect of certain items of property. Moreover, there is a constitutional right to trial by jury in such a proceeding (Matter of Wilson, supra, p. 159; Matter of Comfort, 234 App. Div. 19; Matter of Nutrizio, 211 App. Div. 8) although no present party to this proceeding has demanded it. The authority of the Surrogate in the pending discovery proceeding is derived from his jurisdiction over the estate of the petitioner, that is, the estate of Marcus Goldfarb.
Section 206-a was first added to the statute in 1934 (L. 1934, ch. 539), but, as former Surrogate DelehaNty has pointed out, the section then, enacted “ served only to formulate with precision a procedure theretofore effectively used in the Surrogate’s Court to control the conduct of fiduciaries.” The proceeding “ derives from the equitable power of the court having1 control over fiduciaries to compel the performance by fiduciaries of such acts as in good conscience they should perform during their administration of an estate.” (Matter of Leary, 175 Misc. 254, 255, affd. sub nom. Werner v. Reid, 260 *779 App. Div. 1000, affd. 285 N. Y. 693; Matter of Enright, 149 Misc. 353.) The authority of the Surrogate in the pending proceeding is derived from his jurisdiction over the respondent estate, that is, the estate of Anna Goldfarb. His power and authority are somewhat broader in this proceeding than in an ordinary discovery proceeding, just as his power to control the acts and conduct of the fiduciaries who are administering the estate under his supervision, are immeasurably broader than is his jurisdiction over third parties who have no interest in the estate itself. It should be noted, too, that there is no constitutional right to trial by jury in such a proceeding (Matter of Leary, supra).
It seems to the court, therefore, that consolidation would complicate rather than simplify, and it would make difficult of decision questions of jurisdiction, rights and remedies. By keeping the proceedings sepárate and distinct, the parties will be better able to gauge their respective rights and obligations, as well as the limitations on the court’s power and the extent to which remedies are available to them.
There is no reason, however, for the discovery and the section 206-a proceeding to remain on the calendar. In the exercise of its discretion, the court will stay the discovery proceeding. The granting of such a stay rests in the sound discretion of the court (3 Carmody-Wait, New York Practice, p. 30 et seq.) in order to promote convenience and order in practice and to prevent one party from enjoying an unfair advantage over the other (3 Carmody-Wait, New York Practice, p. 32). The accounting proceeding will not be placed on the calendar for hearing until the issues in the section 206-a proceeding are determined.
The time of the respondents herein to .file their answers is extended to 10 days from the date of the publication of this decision.
Submit order on notice accordingly.