Jack Stanislaw, J.
In this action to recover possession of property and for related damages, plaintiff Lo Schiavo moves for summary judgment. She is the present owner of property initially conveyed to her deceased husband in 1928. That 1928 deed contained a metes and bounds description as well as a reference to the property as the southeasterly one half of a certain lot on a filed map, number 292.
The defendants Steers have title emanating from a 1939 tax deed, the result of the Lo Schiavo grantor’s nonpayment of taxes on the rest of lot 292. The tax deed, and subsequent conveyances based on it, refer to that conveyed simply as the northerly one half of the same lot 292. As a practical matter, the tax deed halved the property at its width, whereas plaintiff’s earlier deed halved the lot lengthwise. Defendants built a residence on their property straddling the lot’s mid-line as indicated by plaintiff’s deed, but well forward of the dividing line shown by their own deed.
For about 35 years tax assessments have been based upon a description of the Lo Schiavo property as the southerly one half *785 of lot 292 and the Steers property as the northerly one half. These aré the same descriptive references that have been made ever since 1929. This continuity is the essence of the opposition to plaintiff’s cause of action. The Steers pointedly disown any claim of title in themselves through a common grantor. Yet the fact remains that the conveyance to Lo Schiavo left only a specific portion of the lot to be thereafter conveyed, by any means (Mechler v. Dehn, 203 App. Div. 128, affd. 236 N. Y. 572; Mazzucco v. Eastman, 36 Misc 2d 648, affd. 17 A D 2d 889).
A search of the record title as to the lot under discussion would or should have revealed any errors in the assessment description (Rappold v. Schroeder, 18 Misc 2d 885). That eventuality deprives Steers ’ argument of much of its conviction (see, also, Schermerhorn v. Albany Syndicate, 93 Misc. 597). But even without strictly valid title, defendants might properly establish a right based upon adverse possession (Gubner v. Pillion, 231 App. Div. 857; Teese v. Polsley, 256 App. Div. 960; Evans v. Lux, 121 Misc. 466). They have not attempted to do so, however. Thus, the presumption called for by sections 311 and 511 of the Real Property Actions and Proceedings Law, that the defendants’ occupancy be deemed subordinate to the legal title, has not been rebutted (see Carpenter v. Sickles, 13 Misc 2d 1025).
The defendants have failed to demonstrate the existence of any triable question negating the effect of the initial conveyance of record to plaintiff’s predecessor, the conveyance to their own predecessors of anything more than the grantor’s balance sold for taxes, or adverse possession thereafter. The motion must be granted. We make no finding with regard to defendants’ other possible procedures which might be warranted as a result hereof.
Proceed on notice as hereinabove indicated, to specify plaintiff’s estate as in fee (Real Property Actions and Proceedings Law, § 653) and to provide for inquest on the question of plaintiff’s damages (§ 601).