■ In the Matter of PHYLLIS P. KELLER, Deceased. MURIEL PARKS, as Administratrix of the Estate of PHYLLIS P. KELLER, Deceased, Respondent; JOHN P. KELLER, as Executor of WILLIAM J. KELLER, Deceased, Appellant, et al., Respondent.—In a proceeding pursuant to SCPA 2103, *inter alia,* to discover certain personal property allegedly withheld from the estate of Phyllis P. Keller, John Phillip Keller, as executor of the estate of William J. Keller, appeals from an order of the Surrogate's Court, Queens County (Laurino, S.), entered July 12, 1989, which denied his motion for summary judgment dismissing the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the proceeding is dismissed.

We agree with the appellant's contention that the proceeding must be dismissed on the ground that there is a prior action pending for the same relief.

In this proceeding, the petitioner, as administratrix of the estate of Phyllis Keller, sought the discovery, *inter alia,* of certain United States Treasury Securities allegedly withheld from that estate by the estate of William Keller. The decedents were brother and sister, and the subject property was allegedly originally owned by Phyllis Keller, but was apparently transferred to both Phyllis and William as joint owners with rights of survivorship. Phyllis predeceased William by about four months. Thereafter, Phyllis Keller's estate filed a "claim" pursuant to SCPA 1810 against William Keller's estate concerning the subject property, in the Surrogate's Court, Nassau County, which has jurisdiction over William's estate. The claim filed in Nassau County, concededly, concerns the same personal property as does the instant proceeding for discovery brought in Queens County. In these circumstances, the Surrogate's Court, Queens County, should have dismissed the proceeding on the ground that there was a prior action pending for the same relief in Nassau County (*cf., Matter of Goldfarb,* 17 Misc 2d 976).

We have considered the parties' remaining contentions and find them to be without merit. Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.